MAE DEWANDELAER *vs.* CHARLES J. SAWDEY.

Third Judicial District, New Haven, January Term, 1906.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The public interest is better subserved by allowing litigants to settle their differences amicably, than by forcing them to continue cases in court merely for the purpose of enabling attorneys to collect their fees.

The plaintiff's attorney began an action of libel upon an oral understanding with his client that owing to her lack of means he must look to the proceeds of the judgment for his fees and disbursements. While the case was pending the parties effected a secret settlement and the plaintiff withdrew the action without her attorney's knowledge, and without paying him for his services and disbursements. *Held* that whatever might be his equitable right, he was not entitled to have the case restored to the docket merely to enable him to prosecute the suit to judgment and thereby secure his fees; although the settlement was secretly made to prevent him from getting any part of the money paid to his client.

Whether an appeal from the refusal of the trial court to restore the cause to the docket should have been taken in the name of the attorney or of his client, *quære.*

The action of a trial court in respect to the postponement of a hearing is not reviewable on appeal, unless it appears that the court's discretion was improperly exercised.

Argued January 19th—decided March 8th, 1906.

ACTION to recover damages for libel, brought to the Superior Court in New Haven County and withdrawn by agreement of the parties and without the knowledge of the plaintiff's attorney, who thereupon filed a written application that the case be restored to the docket; the court (*Robin-*

*son, J.*) denied the application, from which the plaintiff's attorney appealed in the name of the plaintiff. *No error.*

*Michael J. Byrne*, for the appellant (plaintiff's attorney).

*James A. Peasley*, for the appellee (defendant).

HALL, J. The plaintiff brought an action for libel to the Superior Court in New Haven county on the first Tuesday of May, 1905, by a complaint signed by her attorney, M. J. Byrne, claiming $10,000 damages. There was filed a written withdrawal of the action, without costs in favor of either party, signed by the plaintiff and the defendant, which is indorsed as received by the clerk August 10th, 1905, and filed September 2d, 1905. On the 10th of the next October, at the next term of court, said attorney made a written application in his own name, asking that the case be restored to the docket. The application alleged that said attorney was retained by the plaintiff to bring and prosecute said action; that at the time of said employment the plaintiff informed said attorney " that she was without means as aforesaid, and she did thereupon verbally assign to the subscriber so much of any judgment which might be obtained in said cause in her favor as would be necessary to compensate him for services rendered and disbursements made in her behalf in connection with said cause "; that after commencing the action said attorney paid out and obligated himself to pay out about $325 for fees for the service of attachment processes and clerk fees, and is unable to recover anything from the plaintiff either for such expense incurred or for his own services; that the defendant and the plaintiff " for the fraudulent and wrongful purpose of cheating and defrauding the said Byrne as such attorney out of his fees and disbursements above mentioned, and to hinder and prevent him from recovering the same, secretly and without the knowledge and consent of said Byrne, fraudulently and wrongfully settled and compromised said action between them, the defendant paying the plaintiff about $160, in full settlement of all

claims and demands in favor of the plaintiff against the defendant therein, . . . and it was thereupon agreed between them that said action should be withdrawn by the plaintiff without further costs to the defendant, and said action was thereupon withdrawn "; that " the defendant well knew that the plaintiff had no property or visible means before and at the time when said settlement was made, and that the plaintiff was wholly unable to pay the said Byrne for his said costs and disbursements, or for his said services "; that by means of the premises said Byrne will be deprived of all compensation for his services and expenses unless relieved by the interposition of said court.    The application asked that the action be restored to the docket of the court so that it might be proceeded with according to law and be prosecuted so far as might be necessary to protect the applicant's rights.    The court denied said application.

The notice of appeal to this court is by the plaintiff, Mae DeWandelaer, her name being signed thereto " by M. J. Byrne, her attorney."

The appeal itself, with the caption of the title of the action of libel, states that " in the above entitled cause the plaintiff appeals," etc., and is signed by " M. J. Byrne, Attorney for plaintiff "; and the appeal bond is conditioned that the said plaintiff shall prosecute said appeal to effect and pay all costs therein if she shall fail to do so.

The errors assigned in the appeal are : (1) in denying the motion of plaintiff's attorney to have the case restored to the docket; (2) in refusing to hear evidence in substantiation of the averments of the motion, and in deciding the motion without giving the plaintiff's attorney an opportunity to present such evidence; (3) and in assuming that by the withdrawal of the case the court was deprived of jurisdiction over it.

It does not appear from the record that the trial court held that it had not jurisdiction to grant the application.

Regarding the opportunity given the attorney to present evidence in support of the allegations of his application, the judgment-file, dated October 13th, 1905, states that on that

day " the parties appeared, and were at issue to the court on said motion to restore said action to the docket," and that " the court having fully heard the parties on the issues raised on said motion to restore said action to the docket, denied said motion." The trial judge afterward made a finding showing the facts proved and claims made at the hearing of said application, as follows: Michael J. Byrne acted as attorney for the plaintiff at the commencement of this action. After the action had been returned to court the plaintiff, acting in her own behalf, effected a settlement with the defendant and withdrew the case. Upon the hearing of a motion to restore the case to the docket, filed by said Byrne, it did not appear that he represented the plaintiff. " Said Byrne represented to the court that the plaintiff had orally assigned to him, before the commencement of the suit, such a portion of the judgment to be thereafter rendered in her favor as would be necessary to cover his charge for legal services and his disbursements, and that he then appeared in court in support of said motion on his own behalf, *for the purpose of protecting his rights under said assignment*, and asked the court to fix a time for a hearing upon said motion, in order that he might have an opportunity to introduce evidence in proof of the allegations contained in the motion. Said Byrne claimed the right to a hearing on said motion, for the purpose of introducing evidence in proof of the allegations therein; also that the withdrawal of the case by the plaintiff did not deprive the court of jurisdiction to protect him in his rights under said assignment. The court overruled the claims of said Byrne in *the form stated*, and denied the motion."

The claim of Byrne in the form in which it was stated, and which the court overruled, was that he was entitled to have a time fixed for a further hearing upon his application to restore the case to the docket to enable him to introduce evidence of the truth of the averments of the application, " for the purpose of protecting his rights under said assignment." It is not entirely clear whether the court overruled the claim upon the ground that Byrne should have been

DeWandelaer v. Sawdey.

prepared to present all his evidence on the day of the hearing of the motion, or upon the ground that the allegations of the application, and the statement of Mr. Byrne at the hearing, showed that he had no assignment, the protection of his rights under which entitled him to have the case restored to the docket.

Either ground would have been sufficient. If the court merely refused to further postpone the hearing upon the application, it does not appear that such action was an improper exercise of its discretionary power. On the other hand, the court was justified in holding that upon the allegations of the application, and the statement of Byrne himself, he had no assignment which entitled him to have the case restored to the docket. It is not claimed that he took an assignment of the whole or any part of the plaintiff's right of action against the defendant. The claimed assignment was of an undetermined part of a judgment which had no existence, and which might be recovered in an action not then commenced. It was at the most but an agreement which could take effect as an assignment only when the judgment came into existence. *Schubert* v. *Herzberg*, 65 Mo. App. 578. There seems to have been no agreement by Byrne, as a consideration of the alleged assignment, which required him to prosecute the action at his own expense, or which would have prevented him from abandoning it at any time. The action of Byrne appears to have been but the not uncommon one of an attorney " taking up a case " with the understanding that he must look to the judgment to be obtained for compensation for his services and disbursements. In such a case the attorney has an equitable lien for his services and expenses upon the judgment afterward obtained. *Andrews* v. *Morse*, 12 Conn. 444. This was the extent of the right acquired by Byrne by the agreement with his client. *Cooke* v. *Thresher*, 51 Conn. 105.

Whatever aid a court of equity might under some circumstances give to an attorney for the protection of such a lien, there are no facts alleged in the application before us, nor were there any claimed by Mr. Byrne at the hearing in the

DeWandelaer v. Sawdey.

trial court, which would have justified the trial court in granting the relief prayed for in this application, which is in effect that the plaintiff be prevented from settling her case and withdrawing it from court as she desires to, and that the action be restored to the docket so that the plaintiff's attorney, against the wishes of both parties to the action, may himself prosecute the suit and obtain a lien upon such judgment as may be rendered in favor of the plaintiff to enable him to collect his fees.

That it was the real intention of the parties to finally end the controversy between them by the payment and acceptance of the sum stated, and of the plaintiff to withdraw the action from court, is not questioned. The alleged fraudulent acts of the parties are, in substance, that the settlement was secretly made to prevent the plaintiff's attorney from receiving any part of the money paid, and with the knowledge of the parties that upon such secret settlement he would be unable to collect his fees for services and disbursements.

General Statutes, §§ 595 and 597, provide that the plaintiff in any action may withdraw it at any time before verdict, and that in vacation an action may be withdrawn by filing in the clerk's office a written notice of the withdrawal signed by the plaintiff or his attorney.

The interests of the public are generally better promoted by permitting litigants to amicably adjust their differences, than by continuing cases in court merely for the purpose of enabling attorneys to collect their fees.

For the reasons stated we find no error in the action of the trial court in refusing to grant the plaintiff a further hearing upon his application, and in denying the application.

Whether the appeal to this court should have been taken by the attorney in his own name, instead of in the name of the plaintiff, we do not decide.

There is no error.

In this opinion the other judges concurred.