GEORGE DWYER *vs.* JOHN H. ELLS.

Suffolk.    January 13, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Attorney at Law.    Practice, Civil,* Costs.

An attorney at law, who as sole counsel has prosecuted an action at law to final judgment in behalf of his client, does not thereby become the owner of so much of the judgment as is taxable costs.

While, under R. L. c. 165, § 48, an attorney at law, who has prosecuted a suit to final judgment in favor of his client, has a lien on the judgment for the amount of his fees and disbursements, he has no rights in the judgment except those created by the statute, and therefore, subject to the lien, the entire judgment, including taxable costs, is the property of the client and not of the attorney.

KNOWLTON, C. J.    This is an action to recover money collected by the defendant in satisfaction of an execution upon a judgment in favor of the plaintiff.    The defendant was the plaintiff's attorney in the prosecution of the action in which the judgment was obtained.    The question before us arises upon the defendant's exception to the refusal of the judge to instruct the jury as follows: "If the jury find as a fact that the defendant entered his appearance as an attorney at law in the case of George Dwyer *v.* The Boston Elevated Railway Company, and prosecuted said case, as sole counsel, to final judgment in favor of his client, the taxable costs accruing in said case are, as a matter of law, the property of the defendant, and the jury should find a verdict for the defendant, if plaintiff's claim is for said taxable costs."    Other matters were litigated in regard to defenses set up in the answer, with which we have no concern.

The instruction requested is not founded upon the R. L. c. 165, § 48, which gives an attorney who has prosecuted a suit to final judgment a lien upon the judgment and execution for his fees and disbursements. It rests upon a different contention, namely, that the taxable costs are the property of the attorney. It does not even make a distinction between different kinds of taxable costs, such as those allowed for witness fees, or officers' fees, which often are paid by the party and not by the attorney, and those that are on account of the services of the attorney, like the attorney's fee allowed by the statute in the taxation of costs. It seems plain that, upon this record, it does not appear that the instruction could have been given.

The judgment for costs is a judgment in favor of the party, not of the attorney, and the money represented by the costs is the property of the party. The attorney is given a lien by the statute for his fees and disbursements, upon the entire judgment —that part of it which is for damages, as well as that which is for costs. He has no rights in the judgment except the lien created by the statute. The creation and existence of this lien are inconsistent with his ownership of the judgment, or of any part of the judgment, upon which the lien is given.

In the R. L. c. 203, § 1, it is provided that in ordinary cases " the prevailing party shall recover his costs." The general subject is considered in *Bruce* v. *Anderson,* 176 Mass. 161, 163.

*Exceptions overruled.*

*F. F. Collier,* for the plaintiff.
*W. H. Thorpe,* for the defendant, submitted a brief.