ENGLEBERT J. SAUTER *vs.* BRYAN F. MAHAN ET AL.

Second Judicial District, Norwich, April Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

An assessment of special benefits arising from the construction of a sewer by a municipality is an exercise of the power of taxation.

Unless granted to it by its charter, a city has no right to cancel or rescind a completed assessment of special benefits lawfully made, and especially after the time has expired in which a landowner may appeal.

In the present case an assessment of special benefits for a sewer, built in 1894, was made and completed by the City of New London in 1907, and certificates of lien upon the lands in question—then and now owned by the defendant Mahan—were duly filed and recorded. In 1915 the board of water and sewer commissioners voted to reconsider its action of 1907, and directed its secretary to execute and record releases or discharges of these liens, which was done. Upon a suit by a taxpayer of the city to have these releases cancelled, upon the ground that they were null and void, and for an adjudication that the liens were valid and subsisting incumbrances upon the lands, it was *held:*—

1. That the attempted release and discharge of the assessment liens in 1915 was *ultra vires* and void; and furthermore, that the certificates of release were themselves invalid because not signed by the mayor or city clerk as required by the charter.

2. That the plaintiff taxpayer had the right to maintain his suit, and

was entitled to the cancellation sought, and, incidentally, to an order requiring the defendant Mahan to surrender the original releases.

3. That the question of the validity of the original assessment of benefits was one of which the trial court had no jurisdiction in the present action, and therefore such portion of its judgment as declared that the liens released were valid and subsisting incumbrances upon the parcels of land described in the respective certificates, was erroneous.

4. That the injunction restraining the city from executing or recording new releases of these liens, while probably unnecessary, was not erroneous in law.

A situation might arise which would entitle a taxpayer to a judgment requiring the proper officers of a city to proceed with the collection of taxes; but to permit one taxpayer to take part in the collection of taxes by calling on the courts for judgments, either executory or declaratory, against another taxpayer, is not only inexpedient, but contrary to the rule that governmental duties must be performed by authorized agencies, not by volunteers.

Argued April 28th—decided August 5th, 1920.

SUIT by a taxpayer for cancellation of certain releases of liens for sewer assessments upon lands of the defendant Mahan, for an adjudication that the liens were valid and subsisting incumbrances, and for an injunction restraining the city of New London from releasing the liens until paid, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.;* facts found and judgment rendered in favor of the plaintiff as prayed for, and appeal by the defendant Mahan. *Error in part and cause remanded.*

In 1894 the city of New London constructed a sewer through certain lands then owned by the grantors of the defendant Mahan, and at some later date, not definitely found, constructed a highway known as Elm Street over a part of the land. No assessment of benefits or damages on account of the construction of the sewer was attempted to be made until July 11th, 1907, and no reason for this delay of thirteen years is apparent on the record.

The defendant Mahan bought the four parcels of land in question on April 23d, 1900, and it is found that at the time he took title to the land, and on the 11th day of July, 1907, "said sewer was so laid as to be available for connection with the parcels of land in question." No other sewer benefiting the land had been constructed when the assessments were laid in 1907. Notices of the pendency and completion of the sewer assessements were duly given by publication, as required by the city charter, and no appeal from the assessments as made was taken by the defendant Mahan. On October 9th, 1907, certificates of liens describing the parcels of land in question were duly lodged with the town clerk and recorded. The assessments have not been paid.

On February 19th, 1915, the board of water and sewer commissioners of the city voted to reconsider the action of the board in making the assessments in question, and by direction of the board its secretary executed and caused to be recorded discharges of the several assessment liens above described. At the time these votes were taken and the releases executed, the charter of the city provided, in respect of sewer assessment liens, that such a lien "may be discharged by a certificate signed by the mayor or clerk of said city, lodged and recorded in the same manner as the original."

This action was brought in 1916 and judgment was rendered that the votes of the board of water and sewer commissioners purporting to reconsider the assessments in question were *ultra vires* and void; that the releases of lien filed pursuant thereto should be cancelled of record, and that the defendant Mahan should surrender the originals thereof; that the liens claimed by the certificates of lien described in the several counts of the complaint were valid and subsisting incumbrances on the several parcels of land

described therein; and that the city of New London should be enjoined from executing any further releases or discharges of said liens until the same were paid.

*Charles B. Whittlesey,* for the appellant (defendant Mahan).

*Charles Hadlai Hull,* for the appellee (plaintiff).

BEACH, J.  The plaintiff's right as a taxpayer to maintain this action is not disputed.  The action is brought against the city of New London, and the Savings Bank of New London claiming to have a mortgage or mortgages upon the premises in question, as well as against the defendant Mahan, the owner of the premises.  The city of New London did not appear, and judgment has been entered against it by default. The Savings Bank of New London has not appealed.

We take up first the claim that the trial court erred in ruling that the votes of the board of water and sewer commissioners, passed in 1915, purporting to reconsider the assessments made in 1907, were *ultra vires* and void. The assessment of special benefits is an exercise of the power of taxation.  *New London v. Miller,* 60 Conn. 112, 116.  The State has delegated to the city of New London by its charter the power to make such assessments of benefits, but it has not granted it the right to reconsider or rescind them after they have been made; and in the absence of express authority to do this, the city has no power subsequently to reconsider or rescind a completed assessment lawfully made.  This is a necessary consequence of the rule, especially applicable in respect of local taxation, that a municipality has no powers except those expressly granted in its charter and such others as "are reasonably proper to give effect to powers expressly granted."  *Bridgeport* v. *Housatonic*

*R. Co.,* 15 Conn. 475, 502. In *Woodbridge* v. *Cambridge,* 114 Mass. 483, 486, it is said: "It was doubtless within the authority of the mayor and aldermen, for reasons satisfactory to them, to abate the amount assessed upon any landowner. And if the assessment had not been actually laid, or had been illegal, they might have treated it as null and void, either by vote of rescission or by new proceedings in due form. But after a lawful order of assessment had been passed and had taken effect, a warrant for its execution committed to the city treasurer, and notices given to the owners of the estates assessed (by reference to the date of which the right to apply for a jury was limited), it was not within the power of the mayor and aldermen at a subsequent meeting to reconsider or rescind the entire order laying the assessment."

So in this case, it may be that the board of water and sewer commissioners had power, so long as the assessment was incomplete, to correct any error of amount or procedure; but after it had passed out of their hands, and especially after the time limited for appeal to the Superior Court had elapsed, they had no authority to reconsider or rescind the assessment.

It may be added, although the point is not specifically covered by any assignment of error, that the certificates purporting to release and discharge the liens securing these assessments were signed by the secretary of the board instead of by the mayor or by the city clerk, as required by the charter. This of itself would be enough to invalidate the releases and to entitle the plaintiff to have them cancelled of record.

The plaintiff as a taxpayer has a right to have the votes reconsidering the assessments declared null and void, and to have the certificates of release of liens cancelled of record, because the city has thereby wrongfully disabled itself from enforcing tax liens

which on their face are valid and uncontested. Incidentally, the plaintiff is entitled to an order requiring the defendant Mahan to surrender the original releases. To that extent the judgment is enforcible by process, and when the records are corrected the liens will again appear to be valid, and the only delict complained of will be cured.

The question of the validity of the original assessments was argued at length before us, but we are of opinion that the trial court had no jurisdiction to entertain and determine that issue in this action. As a taxpayer the plaintiff could have no judgment foreclosing these liens, and none is asked for. A condition might exist which would entitle a taxpayer to a judgment requiring the proper officers of a city to proceed with the collection of taxes; but to permit one taxpayer to take part in the collection of taxes by calling on the courts for judgments, either executory or declaratory, against another taxpayer, is not only inexpedient but contrary to the rule that governmental duties must be performed by authorized agencies. The collection of these assessments has been entrusted by the city to designated officials, and to them alone, and the plaintiff may not volunteer to assist them in the performance of their duty.

The injunction restraining the city from executing or recording new releases of these liens is probably unnecessary, but it is not erroneous in law. There is nothing in the complaint inconsistent with the presumption that when the record is clear the city will proceed with the collection of these assessments, unless it is advised and believes that they are not collectible.

There is error in part and the cause is remanded to the Court of Common Pleas with direction to enter a judgment adjudging that the votes of the board of water and sewer commissioners purporting to recon-

sider the assessments in question, and to discharge the liens securing the same, are *ultra vires* and void; that the certificates of releases made in pursuance thereof be cancelled of record; that the defendant Mahan surrender the originals to the city of New London for cancellation; and that the city be enjoined from executing or recording any other releases of said liens until the same are satisfied or declared invalid by a court of competent jurisdiction.

In this opinion the other judges concurred.