THE STATE OF CONNECTICUT *vs.* E. VICTOR ERICKSON
ET ALS.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

When a power or duty vested in a public officer involves the exercise of judgment or discretion, it is subject to control by writ of mandamus in either of two events: first, when he refuses to act at all, and second, when he acts or proposes to act in such plain disregard of the rules of law established for his governance and so capriciously or arbitrarily that his conduct, so far from being an honest exercise of his discretion or judgment, is tantamount to a refusal to act at all. In the second event, the courts will not attempt to settle or determine the conclusion at which he should arrive, but they will direct him to reach it by following the path prescribed by law.

In the present application by the State for a writ of mandamus it was alleged, and admitted by motion to quash, that the assessors of the town of Branford proposed to add certain omitted property actually worth $500,000 to the assessment list at a valuation of $18,167 which they fixed by capitalizing at six per cent. its rental value of more than fifty years ago, contrary to the

provisions of §§ 1138 and 1183 of the General Statutes that such property should be placed in the list "at the actual valuation" thereof, giving to buildings and house lots "their present true and actual valuation" and to lands other than house lots "their average present and actual valuation." The trial court granted the motion to quash. *Held* that the trial court erred.

Section 1138 of the General Statutes provides that, in filing a list of omitted property, the assessors "shall make a separate description and valuation of each parcel of real estate." *Held* that it is the mandatory duty of assessors to comply with the requirements of this statute, which exists, not for the sole benefit of the property owner, but to further the public interest in securing accurate valuations and in establishing and continuing the right of lien for unpaid taxes.

Another remedy is not adequate and specific in the sense that it will preclude resort to the remedy by writ of mandamus, merely because it saves the public or the individual to whom the duty is owed unharmed by its nonperformance; it must in some way enforce the performance of the particular duty in question.

Even assuming that the State, in the present case, could avail itself of the right of appeal from the doings of the assessors conferred by § 1232 of the General Statutes upon persons claiming to be aggrieved thereby, that remedy would not compel the assessors to perform their duty and would, therefore, be no bar to the present action; nor does the power of the tax commissioner, under Chapter 109 of the Public Acts of 1925, to sue out a writ of mandamus to prevent illegal acts by taxing officials, supersede the established function of the State's Attorneys to invoke the same remedy in cases coming within their cognizance.

A motion to expunge, when based solely upon the grounds of immateriality or irrelevancy, has a very limited scope and should be granted only when the defect is plain.

Argued April 14th—decided June 9th, 1926.

APPLICATION for a writ of mandamus to compel the respondents as members of the board of assessors of the town of Branford to include in the assessment list of said town certain property at its true and actual value, brought to the Superior Court in New Haven County where the petitioner's motion for a peremptory writ of mandamus was denied and the respondents' motion to expunge certain paragraphs of the application and their motion to quash the alternative writ were granted (*Jennings, J.*) and judgment ren-

dered for the respondents, from which the petitioner appealed. *Error and cause remanded.*

*George E. Beers* and *Albert M. Herrmann,* for the appellant (petitioner).

*Earle A. Barker,* for the appellees (respondents).

MALTBIE, J. In *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 132 Atl. 30, we sustained the right of the State to a peremptory writ of mandamus to compel the board of relief of Branford to place upon the assessment list of that town certain property which the assessors had omitted. The present action concerns the assessment of the same property in the succeeding year, and consists of an application for a peremptory writ of mandamus against the assessors of the town. The gist of the complaint is that, the owner of the property having failed to file a tax list, the assessors, in adding the property to the assessment list, propose to disregard the provisions of the statutes which define the rule of valuation for taxation purposes and which require that each parcel of real estate shall be separately described and valued. It is alleged that the assessors are about to fix the value of the land by taking its annual rental at an amount set more than fifty years ago, when it was of trifling value, and determining the principal sum which at six per cent. would return interest equivalent to that rental, and that the valuation so reached will be $18,167, whereas the land is really worth more than $500,000; also that they propose to list the land not by parcels, but in large tracts, one of which comprises some two hundred acres. The respondents filed a motion to quash, which, as we pointed out in the Bartholomew case (p. 611), serves, in a mandamus proceeding, the purpose of a demurrer, and admits the allegations of the complaint;

this motion the trial court granted; and, the applicant failing to plead further, judgment was entered for the respondents, from which this appeal was taken.

In the *Bartholomew* case (p. 615), in pointing out the necessary limitation upon the issuance of the writ of mandamus as applied to officers whose duty requires the exercise of judgment or discretion, we quoted as follows: "A better statement of the law seems to be, that while a judicial officer, or one exercising discretion, or authority, may be compelled to act and to proceed to the performance of his duty, he cannot be controlled in his judgment or compelled to exercise his discretion in a particuluar manner by means of this writ. . . . Applying these general principles, the law is well settled that where assessing officers fail and neglect in the performance of their duty, they may be compelled to act, but where it is necessary to exercise judgment and discretion as to valuations and the like, the court will not decide such questions for the officers and direct by mandamus what the judgment is or should be." For a court to attempt to determine in advance the conclusion to which an officer ought to come in the exercise of his judgment or discretion would be to preempt the very function which the law has reposed in him. *Whitney* v. *New Haven,* 58 Conn. 450, 457, 20 Atl. 666. But where the legislature has definitely circumscribed the exercise of even a discretionary power, it is just as much a violation of a definite duty for a public officer to go beyond the restrictions imposed as it is for him to refuse to act at all. *Huidekoper* v. *Hadley,* 177 Fed. 1, 9; *Ririe* v. *Randolph,* 51 Utah, 274, 169 Pac. 941. Where a public officer proposes to proceed in plain disregard of the rules of law established for his governance, capriciously or arbitrarily, and not in the honest exercise of discretion or judgment, his conduct is tantamount

to a refusal to act at all and mandamus lies, not only to compel him to act, but to direct that action along the prescribed way. *Dailey* v. *New Haven,* 60 Conn. 314, 319, 22 Atl. 945; *People ex rel. E. C. T. Club* v. *State Racing Com.,* 190 N. Y. 31, 82 N. E. 723; *Village of Glencoe* v. *People,* 78 Ill. 382, 389; *Griffin* v. *United States ex rel. Le Cuyer,* 30 App. D. C. 291, 295; *State ex rel. Hawley* v. *Board of Supervisors,* 88 Wis. 355, 366, 60 N. W. 266; *State ex rel. Davis* v. *Cutler,* 34 Utah, 99, 107, 95 Pac. 1071; *State* v. *Lane,* 89 W. Va. 744, 110 S. E. 180; *State ex rel. Mauldin* v. *Matthews,* 81 S. C. 414, 62 S. E. 695; Tapping's Mandamus (76 Law Library) side page 14; 2 Spelling on Injunctions, etc. (2d Ed.) § 1384.

Where an owner of property subject to taxation fails to give in a tax list, it is made the duty of the assessors to fill out a list for him, putting in the property "at the actual valuation thereof from the best information they can obtain," buildings and house lots to be set in the list "at their present true and actual valuation," and lands other than house lots "at their average present and actual valuation by the acre." General Statutes, §§ 1138, 1183. However men might disagree as to the application of these rules in a particular case, they are definite and certain, and it is the clear duty of the assessors to follow them. The determination as to the value of property reached by applying them is not a matter which a court can control by mandamus, but it may require that in making that determination the assessors shall obey them. The distinction is well made in *State Board of Equalization* v. *People,* 191 Ill. 528, 552, 61 N. E. 339, where the court said: "The court does not, by its said order and judgment, undertake to control the discretion or judgment of the respondents in the valuation or assessment of the capital stock, including the franchises, of said corporations. It only lays

down the rules of law which govern and the methods which should be pursued by the respondents in making such valuation and assessment." See also *Huidekoper* v. *Hadley,* 177 Fed. 1; *United States ex rel. Fall City Const. Co.* v. *Jimmerson,* 222 Fed. 489; *State ex rel. Wayne County Court* v. *Herrald,* 36 W. Va. 721, 15 S. E. 974. Proof that assessors are valuing property so illegally, capriciously or arbitrarily as to justify the issuance of a writ of mandamus must often be difficult, and a mere apparent undervaluation could rarely, if ever, suffice. *Dillon* v. *Bare and Carter,* 60 W. Va. 483, 505, 56 S. E. 390. But there can be no doubt that under the allegations of the application facts might be shown which would constitute a clear and wilful disregard of the provisions of the statutes and justify the relief sought in this action.

Section 1138 of the General Statutes has a further provision that the assessors when called upon to make out a tax list for a property owner who has failed to file one "shall make a separate description and valuation of each parcel of real estate." This imposes upon the assessors the same obligation which, in the same section, is made to rest upon property owners who file their own lists. We cannot accede to the argument of the respondents that this provision is for the sole benefit of the property owner; rather, we regard it as a requirement imposed by the legislature that thereby more accurate valuations may be reached than would be the case if tracts of land not even contiguous or in any respect of like kind and use, might be lumped into a single item, and that the right of lien for unpaid taxes may be aided, and the requirements of the statutes as to the certificate necessary to continue it may be more easily met. General Statutes, §§ 1300, 1308. The application alleges that the respondents propose to list the land "otherwise than by parcels, to

wit: in large tracts, one of which tract is two hundred acres more or less." The latter part of this allegation may be disregarded, because the number of acres included within a tract of land in no way determines whether or not it constitutes a single parcel within the meaning of the statute, but under the first part of the allegation facts might be shown which would establish a plain breach of duty by the assessors. In itself, there is nothing in the requirement of the statute that lies outside the proper field of control by mandamus; *State ex rel. School District* v. *Bradley,* 54 Conn. 74, 5 Atl. 861; *Neu* v. *Voege,* 96 Wis. 489, 71 N. W. 880; and, as we point out in the *Bartholomew* case (p. 616), if in a particular instance the rule requires the exercise of judgment in its application, the respondents are not in a position to take advantage of such a situation upon this motion.

The respondents contend that mandamus may not issue in this case, because there is other adequate remedy open to the applicant. In the *Bartholomew* case, we said (p. 618), that "any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, . . . adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject matter involved"; and we pointed out that in such a case as this, even though the proceeding be nominally taken upon the relation of an individual, the State is itself the real party plaintiff, and modes of redress subject to the control of the individual may not be adequate for the protection of the public interests. Any person claiming to be aggrieved by the doings of the assessors is given a right by statute to appeal to the board of relief, and that board may also, of its own motion, equalize and adjust the valuations of property, and otherwise

revise the list. General Statutes, § 1232. Passing the question whether this statute gives to the State a right of appeal, it is apparent that such a right is not adequate to secure that to which the State is entitled, to wit, the honest judgment of the assessors as to the value of property in the first instance. A remedy to be adequate, must be one "which will place the relator *in statu quo,* that is, in the same position he would have been had the duty been performed. . . . Indeed, it must be more than this: it must be a remedy which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance." *State ex rel. Brickman* v. *Wilson,* 123 Ala. 259, 279, 26 So. 482. Nor can we believe that the legislature, by those provisions of Chapter 109 of the Public Acts of 1925 which authorize the tax commissioner to sue out a writ of mandamus to prevent illegal acts by taxing officials, meant to trench upon the established functions of the State's Attorneys to invoke the power of the court, in cases coming within their cognizance, to compel public officers to perform their duties. *State's Attorney* v. *Branford,* 59 Conn. 402, 409, 22 Atl. 336; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 608, 132 Atl. 30. Certainly that could not be so as regards an application made in the interest of an individual who would suffer special injury from the wrong complained of; *Wheeler* v. *Bedford,* 54 Conn. 244, 249, 7 Atl. 22; and if it could not be so in such a case, it can hardly be so where the State's Attorney acts to protect the public right.

It was error to grant the motion to quash and the action should proceed to a hearing upon the merits. The trial court also granted a motion to expunge and that action is made a ground of appeal. The appli-

cation is brought by the State's Attorney in his own right and does not purport to be upon the relation of any individual, but it alleges that one Foote owns property adjoining the lands in question, which was properly listed, and that he with other taxpayers would be adversely affected by the failure of the assessors to value the lands upon the proper basis. Even where, as here, the issues involved are such that the State's Attorney acts in the public interest and not to assert an individual right, allegations that an individual or individuals are adversely affected by the acts of which complaint is made are not improper, and in some instances may serve a useful purpose. *State ex rel. Coe* v. *Fyler,* 48 Conn. 145, 156; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 603, 618, 132 Atl. 30. In view of the fact that the owner of the lands is an ecclesiastical society, and that some lands of such societies are taxable and others are not, the allegation that the property in question was not exempt from taxation was proper. The other allegations stricken out tend more clearly to disclose the actual situation involved in the controversy, without clouding the issues in the case, and the applicant was entitled to make them if he chose to do so. "The motion to expunge is an exclusive remedy, and will be granted only when the defect is plain." *Bitello* v. *Lipson,* 80 Conn. 497, 503, 69 Atl. 21. Such motions, when based solely upon the grounds of immateriality or irrelevancy, have a very limited scope. *Cook* v. *Packard Motor Car Co.,* 88 Conn. 590, 592, 92 Atl. 413. The motion in this instance should not have been granted.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.