THE STATE OF CONNECTICUT EX REL. WILLIAM R. FOOTE *vs.* CLIFFORD G. BARTHOLOMEW ET ALS.

THE STATE OF CONNECTICUT *vs.* E. VICTOR ERICKSON ET AL.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and AVERY, Js.

When legal relief is sought relative to the doing of any act, the action stands or falls by the facts and governing law existing at the time of bringing suit.

The appellees moved that the present cases be remanded to the Superior Court for further hearing on the ground that after the

judgments appealed from were rendered, an Act was passed by the General Assembly and approved by the Governor, validating the tax lists and grand list which were the subject-matter of the actions. *Held* that the motions should be granted, since the claim of the appellants, that the Act had no application to the facts involved, could not be finally determined until they had been afforded an opportunity to present to the Superior Court such additional facts as might be adduced in support of their contention; and that the remaining questions raised by the appeals should not be considered in view of the possibility that they might be wholly academic in character.

Argued June 14th—decided October 7th, 1927.

APPLICATIONS for writs of mandamus, brought to the Superior Court in New Haven County where the plaintiffs' demurrers to the defendants' returns were sustained by the court (*Wolfe, J.*) and, upon the refusal of the defendants to plead further, judgments were rendered (*Ells, J.*) for the plaintiffs, from which the defendants appealed. In this court the defendants filed motions that the cases be remanded to the Superior Court for further proceedings. *Motions granted.*

*Ernest L. Averill,* for the appellants (defendants).

*George E. Beers,* with whom was *Rolfe W. Skulason,* for the appellees (plaintiffs).

PER CURIAM. The case of *State ex rel. Foote* v. *Bartholomew* was before this court and is reported in 103 Conn. 607, 132 Atl. 30, while *State* v. *Erickson* is reported in 104 Conn. 542, 133 Atl. 683. Before the arguments upon the present appeals, the defendants filed in this court, a motion to continue the cases or remand them to the Superior Court for further hearing, on the plea that the General Assembly of 1927 had passed, and the Governor of the State had signed, an Act validating the tax lists and the grand list involved in these proceedings, and both parties were

heard in argument upon that motion. We ruled that the cases be not continued in this court, but upon the question of remand reserved decision.

These appeals are from judgments entered in the Superior Court March 8th, 1927, while the Validating Act in question was approved by the Governor May 24th, 1927, the Act not becoming effective under the law until July 1st following.

So far as the merits of these cases are concerned, the sole question for us to determine would be whether the judgments of the Superior Court were correct as the facts appear in the record and as the law was at the time the actions were brought.

When legal relief is sought relative to the doing of any act, the action stands or falls by the facts and governing law existing at the time of bringing suit. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 622, 132 Atl. 30; *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 565, 74 Atl. 882.

If the judgments are sustained, however, it is inevitable that the respondents will raise two questions in reference to them: (1) Does the so-called Validating Act apply under the facts in these cases and to the final judgments therein, and (2) What is the effect of the provisions of the Act, if they do apply, upon the rights of the parties?

The motions having been made in this court only, no opportunity was presented for consideration of the matter in the briefs of counsel. The plaintiffs' counsel claimed in argument that on the facts involved in these cases, the Act had no application.

The question not having been before the Superior Court, we have no means of knowing what facts, beyond those appearing in this record, might be developed by the plaintiffs in support of their contention. Upon this aspect of the matter, therefore, the plain-

tiffs have not had their day in court, and it follows that we are not in a position upon the present record, to make final decision of the question. Nor can we perceive any worth while purpose to be served by our consideration of the other questions raised upon these appeals, since they might conceivably determine no ultimate rights and be wholly academic in character.

The cases are remanded to the Superior Court for such further pleadings and such presentation of evidence as may be proper in the premises, and the entry of judgments accordingly.