E. VICTOR ERICKSON ET AL. *vs.* WILLIAM R. FOOTE ET AL.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 27th—decided March 3d, 1931.

*Ernest L. Averill,* with whom, on the brief, was *Thomas R. FitzSimmons,* for the plaintiffs.

*William L. Beers,* with whom was *George E. Beers,* for the defendants.

HINMAN, J.  On January 26th, 1926, counsel retained and employed by the defendant Foote for that purpose, prepared an application for a writ of mandamus against the present plaintiffs, to compel them, as members of the board of assessors of the town of Branford, to include in the assessment list certain property at its true and actual value, and presented the same to the State's Attorney for New Haven County, who approved and signed the application. The action was then proceeded with and finally resulted in judgment for the then plaintiff, which was affirmed by this court. *State* v. *Erickson,* 104 Conn. 542, 133 Atl. 683; 106 Conn. 698, 138 Atl. 787; 108 Conn. 246, 142 Atl. 800.  An appeal from refusal of the clerk to tax costs against the defendants therein was sustained and costs were thereupon taxed, amounting to a total of $235.31.  Subsequently, on application of the defendants, the state board of finance and control passed a vote that the State waive these costs.  Notwithstanding, the present defendant Foote, through his attorneys, caused executions on the judgments for costs to be issued and placed in the hands of a deputy sheriff (who is also a defendant) for service and levy, which the present action seeks to enjoin.

The legal services in connection with the prosecution of the case of *State* v. *Erickson* were rendered by attorneys employed by Foote, and the entire expense

of such prosecution has been borne by him. The expenses so paid exceed in amount the costs taxed as above stated.

The reservation presents the questions: (D) Is the defendant Foote entitled to these costs? (E) If not, is he entitled to a sufficient amount to cover his expenses, or (F) to cover the items specifically taxed? The remaining questions (A, B, C, G and H) relate to the power of the board of finance and control to waive costs and the constitutionality of its action in voting to do so.

The nature of the action of *State* v. *Erickson* and the situation of Foote with reference thereto have been definitely settled in former appeals in that case and *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 132 Atl. 30; 106 Conn. 698, 138 Atl. 787; 108 Conn. 246, 142 Atl. 800; 111 Conn. 427, 150 Atl. 308, which, for purposes of the present inquiry, is analogous. "Even though the proceeding be nominally taken upon the relation of an individual, the State is itself the real party plaintiff." (104 Conn. 548.) "The right in question is a public right and as such one properly to be enforced in a proceeding by the State's Attorney." (108 Conn. 251, 103 Conn. 618.) The fact that Foote apparently promoted the action taken by the State's Attorney "is only an accident of the particular situation. . . . Legally the matter stands in the same way as if . . . the State's Attorney had gotten his information from Foote or any other person, or had learned of the fact as a matter of common notoriety." (103 Conn. 620.) The recitals and allegations as to the individual interest of Foote, while not improper, were unnecessary; the verification by him of the applications was superfluous. (103 Conn. 617, 618.) "The issues involved are such that the State's Attor-

ney acts in the public interest and not to assert an individual right." (104 Conn. 550.)

"Writs of mandamus have a twofold aspect. In one, the purpose is to enforce a private duty owed to the relator and the action, while nominally in the name of the State, is really a proceeding by the relator individually against another individual. *State ex rel. Elliott* v. *Lake Torpedo Boat Co.* [90 Conn. 638, 98 Atl. 580.] In the other, the writ is a direct proceeding by the State brought to enforce a public duty." (111 Conn. 432.) We have held both the *Erickson* case and the *Bartholomew* case (although the latter was in form one at the relation of a private individual) to be of the last-mentioned class. For this reason we ruled in the *Bartholomew* case (111 Conn. 432) that, since the plaintiff was the State no costs were taxable against it in favor of the respondents as the prevailing parties, on the ground that the statute (§ 5913) "giving a right to costs in general terms will not be construed to include an award against the State, because the State is invested with . . . immunities from legal process, mesne and final." This consideration does not preclude taxation of costs in favor of the State, as the prevailing party, against private individuals, and we so ruled, in effect, in sustaining the appeal in *State* v. *Erickson* from refusal of the clerk to tax costs therein, and the State was entitled to collect them. It appears, however, that the State has not only forborne to do so but its board of finance and control has expressly voted to waive them.

The vital question upon this reservation is whether Foote, on his own account and behalf as an individual, is entitled to enforce the judgments which were rendered in favor of the State. The fact that he was permitted to bear the burden of the action afforded no defense to the cause itself. *State ex rel. Foote* v. *Bar-*

*tholomew, supra,* page 251 of 108 Conn.; *Bridgeport* v. *Equitable Title & Mortgage Co.,* 106 Conn. 542, 550, 138 Atl. 452. But it by no means follows that he thereby acquired any status as a party to the action or any right to control it or to obtain reimbursement from or under the judgments rendered therein.

A judgment for costs is a judgment in favor of the party, and not of his attorney, and the money represented by the costs is the property of the party. The costs allowed in an action belong to the party in whose favor they are taxed, and not to his attorney. *Dwyer* v. *Ells,* 208 Mass. 195, 196, 94 N. E. 286, 21 Ann. Cas. 1042; *Hoboken Trust Co.* v. *Norton,* 90 N. J. Eq. 314, 107 Atl. 67; *Vaughan* v. *Humphreys,* 153 Ark. 140, 239 S. W. 730, 22 A. L. R. 1201, and note, p. 1203; 6 Corpus Juris, 720. The party and not the attorney is the *dominus litis;* the attorney is not a party to the cause and has no right to carry execution upon a judgment into effect or take other proceedings against the orders or will of his client, even to obtain or realize upon a lien for his fees or disbursements. *DeWandelaer* v. *Sawdey,* 78 Conn. 654, 659, 63 Atl. 446; *Barton* v. *New Haven,* 74 Conn. 729, 730, 52 Atl. 403; *Bruce* v. *Anderson,* 176 Mass. 161, 163, 57 N. E. 354. Certainly, then, neither a third person, not a party to the action, nor attorneys retained and employed by him to prosecute it, may enforce an execution for costs and take the benefit of it, against the will of the real party entitled to the execution and its proceeds.

Foote was under no obligation to provide counsel or to pay other expenses connected with the prosecution of the action by the State; in that respect his position is that of a stranger and volunteer and, as such, not entitled to the benefits of subrogation. *Sauter* v. *Mahan,* 95 Conn. 311, 316, 111 Atl. 186; *Aetna Life Ins. Co.* v. *Middleport,* 124 U. S. 534, 31 L. Ed. 537, 8

Sup. Ct. 625; *Suppiger* v. *Garrels,* 20 Ill. App. 625; 25 R. C. L. 1325; 37 Cyc. 375. Nor does the doctrine of contribution apply where a person of his own volition incurs expense in enforcing or defending the rights of another who is the real party in interest. *Johnston* v. *Moeller,* 93 Conn. 590, 593, 107 Atl. 566.

We discover no tenable ground upon which this defendant may claim such an interest in the costs in question or in the judgments therefor, in favor of the State, as to authorize or justify him in enforcing executions thereon. We therefore answer questions D, E, and F in the negative. For the same reasons the defendant is not entitled, in this action, to attack the action of the board of finance and control; consequently we do not determine the remaining questions.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.