JAMES E. ENGLISH
vs.
ALVIN C. SMITH, ET ALS.

Superior Court      New Haven County      File #51881

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Ephraim Sinn,                Attorney for the Plaintiff.

Omar Platt,                 Attorney for the Defendants.

123 Conn. 572     MEMORANDUM FILED APRIL 27, 1937.

O'SULLIVAN, J.   A demurrer addressed to the first count of the complaint admits the following facts:

In 1931, the Legislature passed an Act creating a Board of Sewer Commissioners of the Town of Milford, and the defendants Smith, Cheney, Clark, Stoddard and Wright now comprise the Board.   On October 17, 1935, in conformity with a resolution adopted by a special town meeting, the Town issued and sold its bonds to the amount cf $255,000. for the purpose of obtaining funds to pay for the cost of constructing a sewage treatment plant, a pumping station and sewers for the central area of the municipality.   In 1936, the town treasurer paid from the general funds $23,203.55, of which $5,737.50 represented payment of the bond coupons that had become due; $17,000., to retire maturing bonds; and $466.05 to defray certain incidental expense necessarily incurred in connection with the formality of issuing the bonds.   The plaintiff is the owner of certain real estate within the Town and, as such, contributes by his tax payments to the general funds which were tapped to make the expenditures just referred to.   His specific request for relief is, first, $23,203.55 damages against the Board of Sewer Commissioners, and, sec-

ondly, a decree ordering the Board to return to the treasury of the Town $23,203.55 with interest thereon.

Regardless of the merit, if any, of the claim that the bond issue is invalid, it is obvious that the first count fails to state any cause of action against the Board of Sewer Commissioners as well as against the other defendants who are not even referred to in this count except incidentally. As to the former, it is not alleged that the Board or any of its members ever received any of the moneys referred to in the complaint. It does not appear that bad faith is involved or that the Board has neglected to perform any duty with which it is charged. If the purpose of this count is to compel the Board to make assessments against properties specially benefited by the construction of the sewer system, the allegations fail to support this theory. There is a complete absence of facts involving any of the defendants to call for the protection of any right which the plaintiff feels has been violated.

Accordingly, the demurrer is sustained on the ninth ground.

The demurrer addressed to the second count admits these facts:

The defendants Merwin, Stowe and McCarthy are the selectmen of the Town of Milford. They are threatening to expend $20,000. to pay for the construction of lateral sewers, this being in conformity with a vote of the annual town meeting.

The requested relief is a decree restraining these selectmen from drawing any order upon the town treasurer in payment of the cost of constructing the lateral sewers.

As the first count ignored the selectmen, so does this count ignore the Board. No question has been raised as to the propriety of joining both counts in one complaint.

If the allegation that the town meeting had no power to appropriate $20,000. is admitted, the demurrer should be overruled. But it is apparent that this is an allegation of conclusion, and hence is not conceded by demurrer.

The heart of the second count is centered in the query whether the town meeting had authority to make the appropriation for the lateral sewers. Counsel for the plaintiff takes the position that the Special Act of 1931 creating the Sewer Board makes it the exclusive agency to raise funds for the pay-

ment of the initial cost of constructing sewers. Not only is this contrary to the terms of the Act when read in its entirety and in conjunction with other legislative enactments affecting Milford's municipal government, but such a contention, if accurate, would rob the township of the practical and custo-mary method by which a sewer system or other project of any magnitude is built.

The entire cost of any public improvement will seldom be met by levying assessments against specially benefited property owners. The situation presented by the facts of this case does not furnish an illustration of a portion of the Town of Milford being carved legislatively into a sewer district with authority to tax property within the district that sewers might be con-structed and maintained. The power granted to the Board by °the Act of 1931 was not to tax, but to levy assessments. It is, of course, true that the assessment of special benefits is an exercise of the power of taxation. **Sauter vs. Mahan, 95 Conn. 311.** Nevertheless, no one will seriously claim that the Board has been granted any revenue-raising authority in addition to that of assessing benefits. If, then, the Board's fiscal equipment is limited by the Act and if that equipment is insufficient to provide funds necessary to meet the cost of public improvements, the plaintiff places the Town in a rather unhappy position if his contention is sound that the town meeting is powerless to provide means to meet the emergencies suggested by a proper regard of health conditions. Should the benefits which legally may be demanded of property own-ers fail, as they often will, to provide the necessary funds, then some other source ought to be available unless the Leg-islature intended to place an insurmountable barrier in the path of accomplishing the very purpose for which the Act of 1931 was designed. That any such intention prompted the General Assembly is too absurd to merit any further discussion.

The Act of 1931 is to be considered in the light of other provisions of public and special acts by which governmental expenses and expenditures of Milford are to be handled. This Act is not of such a nature as to bar the resources of the general fund of the Town from proper participation in paying for a public improvement. That those who are specially benefited must shoulder a heavier burden goes without say-ing. Whether the general funds are used in the first instance to pay the entire cost of the improvement and thereafter re-stored in part by the collection of assessments, or whether the

assessments, if paid, are first to be used and the town funds then resorted to for the purpose of meeting the slack or differential between the cost of the improvement and the amount of collected assessments, need not here be decided, as the question is not raised.

It seems obvious, at least to the satisfaction of this Court, that the town meeting remained within the limits of its authority unless the Board of Finance failed to recommend the appropriation in accordance with **No. 408 of the Special Acts of 1929.** As the count is devoid of any allegation to that effect, the demurrer is sustained on the 1st, 2nd and 3rd grounds