[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are two separate appeals brought under the provisions of General Statutes Sections 8-8 by, the plaintiffs. The first appeal brought against defendant Zoning Board of Appeals and Joseph Hart, the zoning enforcement officer for the Town of Old Lyme (Docket No. CV910098506) is from the action of defendant Board in denying plaintiffs' appeal from a cease and desist order issued by Hart. The second appeal brought against defendant Board (Docket No. CV910098507) is from the action of defendant Board in denying plaintiffs' application for a variance.
On November 4, 1991, defendant Board's motion to consolidate the two actions was granted and a joint hearing on both appeals was held on April 10, 1992.
For reasons hereinafter stated in Docket No. CV910098506 the issues are found for plaintiffs and the decision appealed from is reversed. Docket No. CV910098507 is dismissed as the court is without jurisdiction.
The basic facts underlying both appeals may be summarized as follows.
Plaintiffs acquired title to real property in the Town of Old Lyme by deed dated August 29, 1975. The property located at 54 White Sands Beach Road consisted of a residence on a lot forty feet in width and one hundred feet in depth. On February 20, 1991 the property was subject to the zoning regulations of the town of Old Lyme.
The lot was laid out and the house was constructed prior to the enactment of zoning regulations in Old Lyme and must be considered a nonconforming use.
Sometime prior to February 20, 1991 plaintiffs caused an uncovered wooden deck to be constructed at the rear of their property. The deck replaced a much smaller, older deck. The new deck was attached to the rear of the house extending for the entire width of the house and back toward CT Page 4895 the rear lot line about ten feet. The deck does not extend past the side lines of the house but the side lines of the deck coincide with a projection to the rear of the side lines of the house.
When the deck was constructed no zoning or building permit was requested and none was issued.
At the time the deck was constructed the applicable zoning regulations required an open space of twelve feet between the building and each lot side line. As previously noted, the house on the, forty foot wide lot was non conforming with the distance between the building and the side lines being less than the twelve feet, required. For this, reason when the deck was constructed using the same side lines on the house the open space between the deck and the side lot lines was less than twelve feet.
Prior to, February 20, 1991 defendant Hart, in his capacity of Zoning Enforcement Officer visited the premises in connection with a complaint made by plaintiffs in an unrelated matter. Presumably as a result of the observations made during his visit to plaintiffs' premises, on February 20, 1991 Hart issued a cease and desist order to plaintiffs. The order listed the nature of violation as "illegal construction of deck addition." The zoning regulation claimed to have been violated was listed as "II.A.2 (required side yard), IV.A.2 (no construction without permit.)
On or about March 20, 1991 plaintiffs' appealed the issuance of the cease and desist order to the defendant Board under the provisions of General Statutes Section 8-6 and Article III, Section B.3.1 of the Zoning Regulations. On the same date plaintiffs applied to defendant Board for a variance from the provisions of Article II, Section A.2, "12 feet sideyard" and Article IV, Section A.2 "written permit prior to construction."
A public hearing on both applications was held before defendant Board on May 23, 1991 at which plaintiffs presented evidence and were heard.
On May 30, 1991 defendant Board met to further consider the matter. At the meeting the Board voted unanimously to uphold the ruling of the zoning enforcement officer, and deny plaintiff's appeal from that order. At the same meeting, by a five to four vote, defendant Board voted to deny the request for a variance.
Claiming to be aggrieved by these decisions CT Page 4896 plaintiffs instituted the present appeal.
No questions have been raised with respect to jurisdictional issues it is therefore assumed that, all notices have been properly published and that there are no jurisdictional defects at any stage in the proceedings.
General Statutes Section 8.8 under which these appeals were taken limits such actions to persons severely aggrieved by the decision appealed form. Whether or not a party is aggrieved by the decision appealed from is a jurisdictional question which must be decided upon the evidence.
From the record and the basic facts admitted by the parties it is found that plaintiffs are the owners of the property in question and the parties who instituted the proceeding before defendant Board. Consequently it is concluded that plaintiffs are aggrieved and have standing to prosecute their appeal Tazza v. Planning and Zoning Commission,164 Conn. 187, 190 (1972).
In considering the issues raised in both of these appeals the scope of judicial review is limited. Parks v. Planning and Zoning Commission 78 Conn. 657, 603 (1979). The authority of the court is limited by Section 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly, or on valid reasons or with proper motives. Willard v. Zoning Board of Appeals, 152 Conn. 247, 248-249 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion confirmed by the legislature on the Board. The court is limited to granting relief only when it can be shown that the Board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board,145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnham,189 Conn. at 266.
 I
In the first case (Docket No. CV910098506) in which plaintiffs appealed from the action of defendant board in denying their appeal from defendant Hart's order of February 20, 1991 it is plaintiff's claim that the zoning regulations did not require a written permit for construction of the deck because the deck was not a building as defined in the Zoning CT Page 4897 regulations. Since a written permit was not required, plaintiffs argue that defendant Board incorrectly applied the law in upholding the validity of the cease and desist order.
Plaintiffs base their argument on, the definition of a building as opposed to the definition of structure.
The zoning regulations, Article I, Section C. 1, defines building as:
 Building: Any structure having a roof and intended for the shelter, housing or enclosure of persons, animals, or materials. Any structure more than eight feet high shall be considered a building including a fence or, wall but excluding a public utility pole or flagpole.
Article IV, Section A.2 requires that a written permit must be obtained prior to the construction of a building. Article I, Section C. 32 defines a sideyard as "an, open space between the, building and the side lot line. . ."
It is plaintiff's position that the deck does not fit under the definition of building but is a structure. Structure is defined in Article I, Section C. 40 as:
 Structure: Anything constructed or which is located on, above, or beneath the ground, except driveways, sidewalks, parking areas, curbing and fences which are less than six feet high including anything located on, above or beneath the water which is not primarily utilized or intended for navigations. This definition shall include "manufactured" homes.
The reasons advanced by defendant Board for denying the appeal were contained in the minutes of the May 30, 1991 meeting as follows:
 "The Boards interpretation of the regulation which coincided with that of the ZEO, was that the deck was attached to and therefore part of the building. No permit was issued for the extension of the deck. The Board considered the deck park of the building."
The pivotal issues here are whether or not the deck CT Page 4898 comes under the definition of "building" or "structure" in the regulations and whether the attachment of the deck to the building constituted an, enlargement of alteration of the building. This is so because Article IV, Section A.2 of the regulations provides that "(n)o building . . . shall be constructed, enlarged or moved or altered until a written permit for such work shall have been issued by the building inspector. So if the attachment of the deck to the building was an enlargement or alteration of the building a permit would have been required. On the otherhand the regulations do not require permits for structures.
Also, since Article I, Section C. 32 provides that a side yard is "(a)n open space between the building and the side lot line" if the deck were not a building the twelve feet minimal open space would not apply.
Plaintiff argued that under the regulations the deck must be considered a structure and no permit was required, therefore, the cease and desist order is invalid and defendant Board was in error in upholding the order.
Local zoning authorities require building permits so that they can ascertain whether proposed structures comply with the applicable Zoning regulations. This greatly facilitates enforcement of the regulations. For this reason most municipalities require building permits not only for new constructions, but also for renovations and improvements. It is unlawful to proceed with any work without first obtaining a permit where one is required. Rohan, Zoning and Land Use Control, Vol. 7 Section 48.0(1) 1990.
In advancing their claim that a permit was not required and that the deck was a structure and not a building plaintiffs cite Melody v. Zoning Board of Appeals, 158 Conn. 510, 521:522 (1969) and other cases which state that the zoning regulations are in derogation of common-law rights and shall not be extended by implication and that every owner of property located in a town which has adopted zoning is entitled to ascertain with reasonable certainty what uses he may legally make of any portion of his property. Lebannon v. Woods, 158 Conn. 182 (1965).
A zoning ordinance is a local legislative enactment, and in its interpretation the question is the intent of the legislative body as found from the words employed in the ordinance Lawrence v. Zoning Board of Appeals, 158 Conn. 509,511 (1969). In the case at bar, the zoning officer and defendant Board interpreted the regulation so as to consider the deck an addition to the building and not a structure. The CT Page 4899 Court must give considerable weight to the interpretation placed on the regulation by the local authorities. New Haven v. United Illuminating. Co., 160 Conn. 478, 493 (1975); Fedorich v. Zoning Board of Appeals, 178 Conn. 610 (1979). Defendants interpretation of their regulations is not binding on the court, however, and on appeal the court is required to determine if defendant Board properly interpreted the regulations and applied them to the facts of this case. Danseyar v. Zoning Board of Appeals, 164 Conn. 325, 377
(1973).
A review of Article I Section C of the regulations clearly indicates that the deck could not fit under the definition of "building". As defined by this section, a building must be a structure having a roof or a structure eight feet high. The deck, as seen from the record, does fit under this definition.
This interpretation is reinforced when its definition of "building area," found in subsection C. 2 is considered. Building area is defined as:
 Building Area: The ground area enclosed by the walls of a building together with the area of all covered porches and other roofed portions, and the area covered by swimming pools.
Since the deck is not enclosed by walls or covered, its area could not be considered as part of the area of the building to which it is attached.
A secondary question still exists, however, as to whether the attachment of the deck as a structure to the building constituted an enlargement or alteration of the building so as to require a permit under Article IV, Section A.2.
"Alteration" would imply that the building was changed or made different in some particular characteristic by the addition of the deck. The American Heritage Dictionary, 2nd College Ed. 1989. See also State v. Catandello, 159 Conn. 564, 559 (1970). Since the addition of the deck did alter or change the characteristics of the building it cannot reasonably be found that the addition of the deck constituted an alternation.
"enlargement" would mean the physical enlargement of the existing building. Shell Oil v. Zoning Board of Appeals,156 Conn. 66, 69 (1968). Under the definition found in the CT Page 4900 regulations, the addition of the deck did not enlarge the building. The deck is not a building and, as noted, the area of the deck could not add to the area of the building. See Article I, Section C. 2.
A case in point is Katsoff v. Lucertini, 141 Conn. 74
(1954) which involved interpretation of a covenant in a deed restricting height of a building. The issue before, the court was whether erecting a billboard on top of a building raised the height of the building. In upholding the trial court's decision that the billboard was not a building, the Supreme Court said that the billboard fell within the meaning of the word "structure." However, the court adds, "while a building is always a structure, all structures are not buildings. Katsoff, pg., 78.
See also Spencer v. Zoning Board of Appeals,141 Conn. 155 (1954) where it was held that the extension of a parking lot did not constitute the enlargement of a building.
It must then be concluded that the, addition of the deck to the building was not an enlargement or alteration of the building on plaintiff's land and therefore no building permit, was required under Article IV, Section A.2.
Although the interpretation of the zoning regulations made by the zoning enforcement officer and defendant Board was pragmatic and it certainly would have been prudent for plaintiff to have applied for a permit before construction, the regulations do not require it.
It must then be concluded that in upholding the decisions of the zoning enforcement officer defendant Board abused its discretion. This does not imply a bad nature or wrong purpose on the part of the defendant Board but simply means that the decision appealed from was on, untenable legal grounds. State v. Angelo, 25 Conn. App. 235, 241 (1991).
Accordingly in Docket No. CV910098506 the decision appealed from is reversed. General Statutes Section 8-8 (e).
 II
The decision, in the above case renders Docket No. CV910098507, the appeal from the denial of plaintiff's application for a variance moot.
As previously found the deck in question is, under the regulations, a structure. it cannot be found to be a building or the enlargement of a building. CT Page 4901
It is noted, at the public hearing, a member of defendant Board stated, by implication, that if the deck was a structure and not an extention of the building: "You can cover your whole lawn with deck it you want to, . . ."
Since plaintiff could have constructed the deck as a matter of right a variance, was unnecessary. The issue is moot and the court is without jurisdiction since there is no actual controversy. Arnold Bernhard and Co. v. Planning and Zoning Commission, 194 Conn. 152, 158 (1984).
Accordingly Docket No. CV910098507 is dismissed.
PURTILL, J.