STATE EX REL. THE QUINTARD LAND COMPANY *vs.* BERNARD F. HAGAN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and McEVOY, Js.

Argued October 8th—decided December 9th, 1937.

384

*Maurice J. Buckley,* with whom was *Schuyler M. Meyer,* of the New York bar, for the appellant (plaintiff).

*Samuel Gordon,* with whom was *Julius B. Kuriansky,* for the appellee (defendant).

McEvoy, J.  Bernard F. Hagan, the respondent, is the building inspector of the city of Stamford.  The relator made application to him for the issuance of a building permit which he refused to issue.  In accordance with the provisions of the charter of the city of Stamford, the relator appealed to the commissioner of service.  He ordered that the appeal be heard and it was heard within the time required as provided by the charter.  He denied the appeal.  Upon that denial the relator prayed out a writ of mandamus against the building inspector.  The defendant filed a motion to quash the writ which the trial court sustained.

In the application it is alleged that the building inspector gave three reasons for his denial of the permit, which are stated; that the plans submitted are permissible under the rules, regulations and ordinances of the city and that the building inspector acted illegally, arbitrarily and capriciously and with a desire to embarrass, hinder, delay and inconvenience the relator.  The first and third reasons of refusal by the building inspector include matters which would seem to be without his jurisdiction.  The second reason, that the proposed construction would cause an unsafe condition and that it would be dangerous to public safety, health and welfare, particularly as a fire hazard, re-

quired a determination as to existing conditions and involved matters properly to be considered by the inspector. 21 Special Laws, p. 1211. These call for the exercise of a judgment and discretion not controllable by mandamus. *Comley, State's Attorney, ex rel. Rowell* v. *Boyle,* 115 Conn. 407, 413, 162 Atl. 26; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 615, 132 Atl. 30; *State* v. *Erickson,* 104 Conn. 542, 545, 133 Atl. 683.

Under the allegations of the application the relator might have proved that the building inspector did not in fact exercise his discretion in the matter but acted solely for the motives stated, and if that were all that was alleged mandamus might lie to compel him to exercise his discretion although it could not direct him to issue a permit. *State ex rel. Foote* v. *Bartholomew,* supra; *State* v. *Erickson,* supra. But the difficulty with the relator's position is that, while it does allege improper conduct on the part of the inspector, yet it does not do so as to the commissioner to whom it took an appeal and who has full power to consider it and act in the premises. 21 Special Laws, p. 1212, § 77. Upon its own allegations the question as to the relator's right to a permit has been passed upon by an officer fully empowered to deal with it, whose disinterestedness and fairness is in no way impugned. The relator elected to proceed under the charter. The result of that procedure was unfavorable to it. No complaint is made as to the action of the officer who fully heard the relator's appeal. Under these circumstances the action of the trial court upon the mandamus was right.

There is no error.

In this opinion the other judges concurred.