STATE OF CONNECTICUT EX REL. J. LEO REDGATE ET AL.
*v.* F. C. WALCOTT

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 9, 1938—decided January 5, 1939.

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *Dennis P. O'Connor,* attorney general, for the appellant (defendant).

*Albert B. Walker,* with whom, on the brief, was *David R. Woodhouse,* for the appellee (plaintiff).

AVERY, J. This action of mandamus was brought by the relator engaged in the business of directing funerals against the commissioner of welfare charged with the duty of administering assistance for the aged under the provisions of Chapter 99a of the Cumulative Supplement of 1935 and 1937 Supplement to the General Statutes. In his application the relator alleged that Annie T. Reilly, a beneficiary under the provisions

of the acts relating to "Assistance for the Aged," died on April 27, 1937; that the relator furnished funeral services for her and submitted to the commissioner of welfare a bill therefor and requested the statutory allowance of $100 for her burial; that the commissioner did not pay this sum and thereafter the relator applied to the commissioner for a hearing and that the commissioner has refused to hold a "fair hearing" on the relator's claim. The relator asked the court: (1) if it should find the payment of $100 as an allowance towards funeral expenses mandatory upon the commissioner, that an order be passed directing the defendant to pay that sum to the petitioner, or (2) that an order be issued to the respondent to cause a fair hearing to be had upon the petitioner's application and a final decision rendered. The pertinent provisions of the acts are appended in the footnote.[1] The court de-

---

[1] Section 393d, subdivision (b). Upon the death of a beneficiary, the sum of one hundred dollars shall be ordered paid by the bureau of old age assistance as an allowance toward the funeral expenses of such deceased person and, in addition thereto, a sum not exceeding twenty-five dollars shall be paid by the bureau of old age assistance for the cost of a burial lot and the opening of the grave. Effective April 1, 1937.

Section 397d. HEARING. APPEAL. Any applicant or beneficiary aggrieved by a decision of the bureau made without a fair hearing may make application in writing to the bureau for a hearing and shall state, in such application, in simple language, the reasons why. he claims to be aggrieved. Such application for a hearing shall be mailed to the bureau within ten days after the rendition of such decision. The bureau, upon receipt of such application, shall hold a fair hearing, and shall, at least ten days prior to the date set for such hearing, mail a notice, giving the time and place thereof, to the applicant or beneficiary and to the chief executive authority, or his appointee, of the town in which such applicant resides. After such hearing, the bureau shall render a final decision, which shall supersede the decision made without a hearing, and of which final decision notice shall be given the applicant for hearing as hereinbefore provided. Such decision after hearing shall be final except that the applicant for such hearing, if aggrieved, may appeal therefrom, within thirty days from the date of its rendition, to the superior

cided that § 393d, subdivision b, did not make it mandatory upon the commissioner to pay the relator the sum of $100, and from this phase of the decision no appeal has been taken. The court did, however, decide that under the provisions of § 397d, the relator was entitled to a fair hearing by the commissioner upon his claim and issued a writ accordingly. From the judgment entered, the commissioner has appealed and the claims of law urged are: (a) that the relator is not an applicant or beneficiary within the meaning of § 397d; (b) that the administration of this law requires the exercise of judgment and discretion on the part of the commissioner and a writ of mandamus will not lie to control the discretion and judgment of a public officer; (3) that the relator had an adequate remedy at law.

Chapter 99a, Cum. Sup. 1935, as amended by Chapter 99a of the 1937 Supplement, provides, with certain exceptions not necessary to be considered in the instant case, that a citizen of the United States, a resident of Connecticut, who has resided therein five years during the nine years immediately preceding the date of his application for an award and has resided therein continuously for one year immediately preceding such date, shall be eligible for an old age assistance award if he (a) has attained the age of sixty-five years and, (b) has not sufficient means to support himself on a reasonable standard of health and decency and has no person legally liable and able to support him and, (g) has paid to the full extent of his obligation the tax imposed by the act. The maximum amount which may be paid to a beneficiary is $7 a week; and it is provided that upon the death of a beneficiary the sum

court for the county wherein he resides, in accordance with the provisions of section 5465. No appeal may be taken from a decision made without a hearing. Effective April 1, 1937.

of $100 shall be ordered paid by the bureau of old age assistance as an allowance toward the funeral expenses of such deceased person and in addition a sum not exceeding $25 shall be paid by the bureau for the cost of burial lot and the opening of the grave. Section 397d provides that no appeal may be taken from a decision by the bureau made without a hearing, that any applicant or beneficiary aggrieved by a decision made by the bureau without a hearing may make written application for a hearing, and that the Bureau upon receipt of the application shall hold a fair hearing and thereafter a final decision shall be made from which the applicant is granted the right of appeal to the Superior Court.

The respondent contends that this section provides for a fair hearing only for an applicant or beneficiary, and those terms mean one who is applying for or has received old age assistance. There is nothing in the language of the law which warrants such a narrow construction. The law provides for the payment of the funeral expenses and a burial lot for a deceased beneficiary. A person claiming the right to one of these allowances and presenting a claim therefor to the bureau is an applicant equally with one claiming old age assistance. Considering the purpose of the law and those to whom its provisions would be applicable, the Legislature must have had in contemplation that in most cases those who had been in receipt of assistance under the law would possess no other estates. It could not have been intended that in such a case an administrator would be required to be appointed to receive the $100 and pay it out to the undertaker entitled thereto. The law makes no provisions for the payment of probate fees or the services of an administrator in such cases. It is a sensible construction of the provisions of this law to consider as having

the status of an applicant an undertaker who claims to have performed such a service and asserts that he is entitled to the payment of the statutory sum, to permit such a person to present a claim to the bureau and, in case the claim is rejected, to have a hearing before the bureau from which he is allowed to appeal to the court in the event of an adverse ruling.

While it is a recognized principle that a court will not by mandamus direct an officer or board, vested with discretion, as to the manner in which that discretion shall be exercised, it is equally well settled that, where the board or officer refuses to act at all, mandamus is an appropriate remedy. *State ex rel. Quintard Land Co.* v. *Hagan,* 123 Conn. 383, 385, 195 Atl. 616; *Comley, State's Attorney, ex. rel. Rowell* v. *Boyle,* 115 Conn. 406, 412, 162 Atl. 26; *State* v. *Erickson,* 104 Conn. 542, 545, 133 Atl. 683; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 615, 132 Atl. 30.

The claim of the respondent that the relator had an adequate remedy at law amounts to this: If the relator had alleged in his alternative writ that the beneficiary who had received old age assistance had no real estate, no joint bank account, no insurance, no personal property, or husband legally liable for her burial, then, if the respondent disputed these allegations, it would have been necessary for him to make a return to the peremptory writ, and thereafter if it appeared at the hearing that the facts were as alleged, there would be no necessity for the exercise of judgment by the respondent, and a peremptory writ would issue directing the commissioner to perform the ministerial act of making the payment. This contention begs the question. Section 394d of the 1937 Supplement provides that no person shall be deemed ineligible to receive an award by reason of having an interest in real property or holding a life insurance policy or having a joint

interest in a bank account or owning other personal property, and provides for the reimbursement of the state for advances made to such a person by the execution of an agreement to the commissioner to reimburse the state in the case of real estate and for the assignment to him of an insurance policy, joint interest or other personal property. If a deceased beneficiary had an estate adequate in amount to pay the undertaker's bill, the relator would have a complete remedy at law by presenting his claim to the executor or administrator. In the application for the writ the relator alleged that he had no adequate remedy at law. The respondent did not make a return denying this allegation but filed a motion to quash. The respondent is in a position to know whether a deceased beneficiary possesses an estate adequate to compensate for the funeral expenses. If in this case the respondent had desired to make such a claim he should have filed a return denying the allegation in the writ that the relator had no adequate remedy at law. So far as appears from the application and writ no remedy at law was available to the applicant. The only discretion vested in the commissioner is a determination whether the person making the claim is entitled to receive the payment.

The purpose of a hearing is to enable the commissioner to determine whether the conditions requisite for the payment exist and whether the applicant has rendered the services after proper authorization. As stated in the memorandum of the trial judge, "To avoid or prevent arbitrary action by the bureau, the law provides for a hearing upon application, and the right of appeal by an aggrieved applicant. If the bureau, after investigation, feels that it ought not to pay the $100 in a given case, the undertaker should be given the reasons for its decision, after a fair hear-

ing, and if he disagrees with it, he ought to have the right to appeal to the Superior Court. If he is denied this right, and the death of the beneficiary removes the only person who possesses it, it leaves the bureau free to act arbitrarily or unjustly, with the right in no one to challenge it. Certainly no such intention is manifested by the act itself."

There is no error.

In this opinion the other judges concurred.