The plaintiffs, 28 in number, joining in one *Page 391 
action under the provisions of section 822f of the 1941 Supplement to the General Statutes, seek to recover of the defendant, a building contractor, the difference between wages which they allege should have been paid to them as building laborers under the wage scale (contained in a construction contract entered into between the defendant and the Housing Authority of the City of New Britain) and wages actually paid to them as common laborers.
It is the claim of the defendant in his plea to the jurisdiction and in abatement that the controversy between the plaintiffs and the defendant involves a dispute either as to the correct labor classification to be applied to the plaintiffs for the work which they actually performed, or a dispute as to an alleged underpayment of wages made by the contractor. In neither case, the defendant asserts, do the plaintiffs have a cause of action of which the court can take judicial cognizance for the reason that under the provisions of the contract entered into between the defendant and the Housing Authority of the City of New Britain (See Defendant's Exhibit 2, Articles 17 and 42 of the General Conditions), by which provisions the plaintiffs as third party beneficiaries of such contract are bound, the Housing Authority of the City of New Britain is the sole authority for determining such disputes.
The defendant further contends that since the Housing Authority of the City of New Britain is a public body created by statute, and since it has been authorized by statute to enter into such provisions as are contained in articles 17 and 42 with the United States Housing Authority, an instrumentality of the United States of America, these public authorities are, and more particularly the Housing Authority of the City of New Britain is an administrative board established by law to hear and determine the controversy between the plaintiffs and this defendant. Hence, claims the defendant, courts of law or equity cannot hear and determine such questions as are involved here because such disputes are matters of administrative detail.
The defendant makes the further claim that even if it should be found as alleged by the plaintiffs in their answer to the plea that the Housing Authority of the City of New Britain has refused to hear and determine the dispute between the plaintiffs and the defendant, the remedy open to the plaintiffs is to seek and obtain a writ of mandamus compelling the *Page 392 
Housing Authority of the City of New Britain to perform the duties imposed upon it by law.
Under the so-called doctrine of "exhaustion of administrative remedies" courts have refused to take jurisdiction where an administrative remedy is provided by statute. Relief must be sought from the administrative body and this remedy exhausted before the court will act. State ex rel. Redgate vs.Walcott, 125 Conn. 160, 165; Oklahoma Public Welfare Commissionvs. State, 187 Okla. 654, 105 P.2d 547, 130 A.L.R. 873. See annotation 130 A.L.R. 882.
Therefore, if the contention of the defendant is correct, the plea must be sustained. Wheeler vs. New York, N. H. H.R. Co., 71 Conn. 270.
The vital question raised by the defendant's plea is whether the Housing Authority of the City of New Britain is an administrative board established by law to hear and determine such a controversy as has arisen between the plaintiffs and the defendant.
The Housing Authority of the City of New Britain is a "public body corporate and politic" created and organized under the provisions of chapter 33c of the 1939 Supplement to the General Statutes. As a public body corporate and politic, it exercises public powers and possesses all the powers necessary or convenient to carry out the purposes and provisions of said chapter, including the specific powers enumerated in section 184e of said chapter.
Among such specific powers enumerated in said section is the following provision, section 184e(g): "In any contract let in connection with a housing project, an authority, notwithstanding any provision to the contrary in this chapter or in any other statute, may include stipulations requiring that the contractor and any subcontractors comply with requirements as to minimum wages, maximum hours and any conditionswhich the federal government or any other obligee may haveimposed as prerequisite to the granting of financial aid tothe housing project." (Italics added.)
In order to secure financial assistance from the United States Housing authority, an instrumentality created by the Congress of the United States for the purpose of aiding in the financing of slum clearance housing projects (42 U.S.C.A. § 1401), the Housing Authority of the City of New Britain *Page 393 
entered into a loan agreement with the United States Housing Authority dated February 8, 1940 (see Defendant's Exhibit 4) wherein, subject to terms and conditions (U.S.H.A. Form No. 300 as amended), which by reference were made a part of said agreement, the U.S.H.A. agreed to aid in financing a housing project to be constructed by the local authority by purchasing bonds of the local authority in the aggregate principal amount of $1,403,000.
Among the terms and conditions required to be performed by the local housing authority as a prerequisite to the purchase of such bonds by the United States Housing Authority, was the following condition which it agreed to include in any construction contract which it (the local authority) might let in the construction of the project. "Claims and Disputes Pertainingto Classification of Labor. Where there is a State or Territorial law requiring the determination of claims and disputes pertaining to the classification of labor employed upon the Project, such claims and disputes will be handled in accordance with such law. In the absence of such law, claims and disputes pertaining to the classification of labor employed upon the Project will be decided (See Par. 1(a)(7) of this Part III) by the Local Authority: Provided, that instead of such claims and disputes being decided by the Local Authority, both the parties concerned may, if they so agree, and if the Local Authority also agrees, submit such claims and disputes to the USHA for decision." (See Defendant's Exhibit 2, Article 42, General Conditions, Page 29.)
Another prerequisite to the purchase of bonds to be noted in the terms and conditions of the loan agreement is that: "the United States Housing Authority shall be under no obligation to the Local Authority to take up and pay for any bonds if the Local Authority shall not submit to the USHA all proposed disputes by the Local Authority referred to in the second sentence of Paragraph 9 [above cited] before such decisions are made." (See Defendant's Exhibit 4, Terms and Conditions, Part III, Paragraph 1(a)(7).)
The conclusion of the court is that the Housing Authority of the City of New Britain is not an administrative board established by law to hear and determine disputes involving either classification of labor or underpayment to employees employed by a contractor on a housing project.
The quoted provision, section 184e(g) of the 1939 Supplement *Page 394 
to the General Statutes, does not expressly establish the local housing authority as an administrative board. Nor can it be implied as a matter of law that the General Assembly authorized the local housing authority to constitute itself as such an administrative board by contract. The local authority derives its power to hear and determine disputes by virtue of the provision of the contract which it made with the defendant and by which provision the plaintiffs may be bound as third party beneficiaries of the labor and wage provisions of such contract. 2 Williston, Contracts (Rev. ed. 1936) § 364A. (See Defendant's Exhibit 2, Article 45, General Conditions, Page 30.)
Administrative boards are established by definite terms of a statute. It is a novel claim that they can be created by implication, or that they can come into existence by contract. If they can come into existence by contract with another public body, the power which authorizes such a contract is equally applicable to a contract with a private individual, who may as an obligee of the authority lay down as a prerequisite for extending financial aid to the local housing authority just such terms and conditions as the U.S.H.A. has laid down in its local agreement. No primary standards have been laid down by the Legislature to which the local authority, if it is an administrative body for the purpose of hearing and determining labor disputes, must conform, nor have the limits of its power been defined. The defendant's claim involves the clearest example one can conceive of a delegation of legislative power, not only to the local authority but to agencies beyond the control of the Legislature. It also involves an acceptance of the principle that the decisions of an administrative body may be reviewed, if not actually controlled, by a federal agency or even a private individual. One, however, need make no such assumptions for they fall of their own invalidity. State vs.Stoddard, 126 Conn. 623.
Applying other tests to determine whether the Housing Authority of the City of New Britain is an administrative board for the purpose asserted by the defendant the same conclusion must be reached. Where are the procedural safeguards required to be present under our Constitution if this is an administrative board? Where are the statutory provisions with respect to notice and hearing and the opportunity given to a court to review the regularity of its proceedings? *Page 395 
The answer is that there are none. If in fact the General Assembly authorized the local authority to constitute itself an administrative board, such an establishment would violate all of the safeguards of due process and would be struck down by the courts. State vs. Stoddard, supra;National Labor Relations Board vs. Jones Laughlin SteelCorp., 301 U.S. 1, 47; Myers vs. Bethlehem ShipbuildingCorp., 303 id. 41, 49.
The court accepts the claim submitted by the defendant. The Housing Authority of the City of New Britain in hearing and determining disputes with respect to underpayment of wages or classification of labor arising between contractors and employees on its housing projects is in the position of an arbitrator or party designated by contract to make an award when such cases occur. This construction of the terms of its contract and of the requirements of its agreement with the United States Housing Authority does not violate constitutional requirements, nor is one forced to read the creation of an administrative board into the general terms of an enabling act. Both Paragraph 9 of Part III of the U.S.H.A. Terms and Conditions and Article 42 of the General Conditions of the contract entered into between the defendant and the New Britain Housing Authority clearly contemplate that the local authority shall determine classification disputes only in the absence of state law regulating such matters.
When a party which has been designated by contract as the Housing Authority of the City of New Britain has been designated in this case to hear and determine disputes, refuses to hear or determine an alleged dispute, either because it believes no dispute exists or because it is unwilling to intervene, persons in the position such as the plaintiffs in this action are must have some forum which will hear their claim.
The plaintiffs here have done all that is within their power to secure a hearing and determination of their claims before the local housing authority, and there is no evidence that the defendant ever urged the housing authority to proceed with such a hearing. Under these circumstances no valid reason exists why the plaintiffs should be required to continue in a futile course, and consequently they are justified in proceeding with their cause of action in the courts. Bernhard vs. RochesterGerman Ins. Co., 79 Conn. 388, 395, 396.
The remedy of the defendant if it wishes to now arbitrate *Page 396 
the dispute may be to move to stay proceedings in this court pending arbitration, but it cannot attack the complaint for the reasons set forth in its plea. (Gen. Stat. [1930] § 5841.)
 The plea to the jurisdiction and in abatement is overruled.