The Liquor Control Commission on September 10, 1945, refused to approve for registration the brand or trade name "Private Stock" whiskey which was sought to be merchandised in the State of Connecticut by the relator, The American Distilling Company, with the result that on October 26, 1945, this court issued an alternative writ of mandamus and ordered the respondents to show cause on November 6, 1945, why a peremptory writ should not issue ordering the respondents to approve and register the relator's trade name or brand "Private Stock" whiskey. On November 9, 1945, the respondents filed a plea to the jurisdiction and the parties were subsequently heard thereon.
This plea to the jurisdiction of the court is based upon the claim that this action is not an appeal from the doings of the Liquor Control Commission over which this court has exclusive jurisdiction under the provisions of section 810f of the 1941 Supplement to the General Statutes; that under section 5912 of the General Statutes, Revision of 1930, as amended by section 857f of the 1941 Supplement to the General Statutes, *Page 447 
this court may issue a writ of mandamus only in a case withinits jurisdiction, and that no jurisdiction has been conferred on this court to entertain mandamus proceedings and render judgment therein against the Liquor Control Commission. In other words, it is the contention of the respondents that the statutes conferring jurisdiction in many respects in the Court of Common Pleas since its constitution as a State court do not include within their scope such an action as the present one which is an extraordinary writ which the Superior Court has always exercised as a prerogative right derived from the common law and not from statutory enactment as in the case of the exercise of that power by the Court of Common Pleas.
In Woodmont Asso. vs. Milford, 85 Conn. 517, the Supreme Court said (P. 524). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction'."
Being mindful of that injunction and also of the fact, as stated by the respondents, that of approximately fifty-nine mandamus cases reported in the Connecticut reports since 1869-70 when the Court of Common Pleas was established in the counties of Hartford, New Haven, Fairfield, and New London, only three originated in the Common Pleas Court, this court is quite aware of the import of the present attack on its jurisdiction which, however, must be decided on reasoning rather than on number of cases of this kind hitherto brought to this court, because for years the Common Pleas Court, it must be said in truth, in the minds of most lawyers seemed to be little more than an appendage of or adjunct to the judicial system of Connecticut. So much so was this that in Cinque vs. Boyd,99 Conn. 70, the Supreme Court (P. 92) felt compelled to say, in referring to the Common Pleas Court, that "we decline to believe, as suggested by counsel on both sides of this controversy, that the mental and professional equipment of the personnel of these courts is inadequate to the task."
Now, the respondents do not question that the Legislature had the power to divide jurisdiction in mandamus cases as it did in section 5912 of the General Statutes, Revision of 1930, as amended by section 857f of the 1941 Supplement, which reads: "The superior court or the court of common pleas may issue a *Page 448 
writ of mandamus in any case within its jurisdiction, in which such a writ may by law be granted, and may proceed therein and render judgment according to the course of the common law ...." (italics added.) But the respondents rightly say it is the meaning and import of the words used in the statute "within its jurisdiction" which presents the problem in this case.
Briefly, it is the argument of the relator that it is seeking in this action to compel the respondents to register the relator's trade name and that alone; that it is not seeking any pecuniary damages, but rather the enforcement of a legal right under the law; that inasmuch as there is no allegation of damages over $2,500, the limit of jurisdiction of this court, the Superior Court is closed to it, and that this court acting within its pecuniary jurisdiction has jurisdiction in this proceeding, it being a court of general jurisdiction within its pecuniary limits and proceeding according to the course of the common law.
On the other hand, the respondents argue that the power to issue writs of mandamus, prior to 1870, being exclusive with the Superior Court, the words "within its jurisdiction" were intended to designate those cases placed within the exclusive jurisdiction of the Court of Common Pleas such for instance as the right to hear appeals from the doings of the Liquor Control Commission, and that as to any other matters other than appeals from the doings of certain administrative boards, the power of mandamus remains in the Superior Court; that section 810f of the 1941 Supplement was intended to confer exclusive jurisdiction as to process or type of action, and not as to parties
(except as necessary to the hearing and decision of appeals).
By section 808f of the 1941 Supplement, the Court of Common Pleas shall have exclusive jurisdiction of all civil actions for equitable relief only, wherein the matter demanded shall not exceed $2,500; all civil actions wherein the matter in demand for legal relief only shall not exceed $2,500, and all actions for both equitable and legal relief wherein the equitable and legal relief shall not exceed $2,500. By section 809f any civil action brought for the foreclosure of a mortgage or lien wherein the demand exceeds $2,500 may be brought either to the Superior or Common Pleas Court. Section 810f provides for the exclusive jurisdiction of all appeals from the doings of any municipal board, officer or commission and all appeals from the doings of the Liquor Control Commission. *Page 449 
With that background of legislative grants extending the jurisdiction of the Common Pleas Court before us, the question immediately presents itself: In what cases, if in any at all, has this court jurisdiction to issue a writ of mandamus? While the argument of the respondents is carefully thought out, it would seem that its logical and inevitable conclusion would be that the Court of Common Pleas has no jurisdiction in mandamus actions, for, they argue, the pecuniary limit of jurisdiction does not determine the meaning of the words of the statute "within its jurisdiction", and there is no express grant of mandamus power to the court.
It will be remembered that according to section 5912 giving the power to the Common Pleas Court to issue a writ of mandamus within its jurisdiction, the court "may proceed therein and render judgment according to the course of the common law". "But a court, though limited as to the class of cases of which it may take cognizance, has common-law jurisdiction if it has the power to proceed within the limited class according to the course of the common law." 14 Am. Jur., Courts, § 165, p. 367.
But the respondents contend that the jurisdiction must rest on a proper determination of the subject matter. Conceding the correct analysis of the scope and purpose of a writ of mandamus and conceding also that, as supposed by the respondents, the Governor or other constitutional executive officers were involved in a mandamus proceeding, that such should proceed only from the highest court of original jurisdiction, the Superior Court, it does not follow, this court believes, that in such a proceeding as the instant one it must necessarily also proceed from the Superior Court.
Such power may rest in the Common Pleas Court for two reasons: the pecuniary jurisdiction of the court, and its inherent power by reason of the jurisdiction conferred in the statutes as stated above to adapt its procedure to the exigencies of the case and the rights of the parties before them, particularly as in the instant case.
To summarily dismiss State ex rel. Redgate vs. Walcott,125 Conn. 160 and State ex rel. Adams vs. Crawford, 99 id. 378, on the ground that it was felt that the amount involved determined the jurisdiction is not warranted. While it may be conceded that the amount in demand is not the sole determinative factor, *Page 450 
nevertheless this court has exclusive jurisdiction in legal and equitable actions wherein the amount shall not exceed $2,500 (except in foreclosure proceedings when the jurisdiction is unlimited and concurrent with the Superior Court). It is true that while in the Redgate case the amount at stake was $100, it was not a proceeding to recover such sum but rather a writ of mandamus ordering the State Welfare Commission to grant the relator a hearing in accordance with the claimed requirements of the Old Age Assistance Act; and that was the sole purpose of the proceeding. It is true the Adams case, supra,
did seek an order requiring the County Liquor Commissioners to refund a proportionate share of a liquor license fee. Apparently, therefore, the amount involved in the Adams case was a factor in the writ issuing from the Common Pleas Court. But where no amount in demand is alleged, why should this, of itself, remove the case from the Common Pleas Court? Bearing in mind the exclusive character of the Common Pleas pecuniary limit it would seem that of either court, the Common Pleas Court surely would have jurisdiction inasmuch as there is no money demand.
As to the second reason for the jurisdiction of this court, it would seem that bearing in mind the purpose and intent of the Legislature in granting jurisdiction over the doings of practically all administrative boards, commissions and officers in the State, which was to relieve the Superior Court of the press of work, that the court granted such increased jurisdiction would also have the power to issue such writs as may be ancillary and necessary to the proper fulfillment of its jurisdiction over such administrative boards, commissions or officers, and that this power would be inherent in the court, particularly in the light of the provision of section 5912 to "proceed therein and render judgment according to the course of the common law." The true effect of the respondent's argument would be to make section 5912 a nullity. That can hardly be so.
The above seems to this court to be a reasonable interpretation of the meaning of the words "within its jurisdiction", in which event the Common Pleas Court may issue a writ of mandamus.
 The plea to the jurisdiction is therefore overruled.