### State ex rel. Ralph Fense v. John A. Gleason, City Clerk of Hartford

| Superior Court | Hartford County | File No. 77373 |
| --- | --- | --- |

Memorandum filed October 21, 1947.

*Wallace R. Burke* and *Frederick J. Rundbaken,* both of Hartford, for the Plaintiff.

*S. H. Aron, Corporation Council* and *W. J. Galvin, Jr., Assistant Corporation Council,* for the Defendant.

CORNELL, J. The plaintiff (relator) intends to apply for a restaurant permit for the sale of all alcoholic liquors at the premises known as 522 Asylum Street in the city of Hartford. The form of application prescribed by the liquor control commission (hereinafter referred to as the commission) requires that it contain a certification by the "town, city or borough clerk, zoning board or other proper authority" that the ordinances or by-laws of the town or city where the proposed place of business is to be located do not prohibit the sale of alcoholic liquor there. The plaintiff presented his application to the defendant (respondent), who is the city clerk of Hartford and who refused to make such certification. Thereupon, the plaintiff sought and was granted an alternative writ of mandamus requiring the defendant to make such certification or show cause to the contrary. In his return, the defendant denied that "the zoning ordinances of the City of Hartford do not prohibit the issuance of a restaurant liquor permit for the sale of all liquors" at the location specified, and the parties were at issue on this question. This, of course, is immaterial to a solution of the controversy, but since, under the conclusion reached here, that matter is for the decision of the commission, propriety suggests that no opinion concerning the correctness of the quoted defense be expressed or intimated here.

It is almost elementary that mandamus will not issue in any instance unless it first be established that there is a clear legal duty upon the respondent to perform the act demanded of him and a like clear legal right inhering in the relator to have it so performed. *State ex rel. Rowell* v. *Boyle,* 115 Conn. 406, 412.

The inevitable primary consideration is whether, as both plain-tiff and defendant assume, the duty sought to be enforced is im-posed upon the defendant. The only duty alleged to rest on defendant is that he "is required to certify as to the ordinances and by-laws of the city." No other, so far as here pertinent, is mentioned in the charter or ordinances of the city of Hart-ford. That duty is purely ministerial and involves the exercise of no discretion. The act which plaintiff seeks to have the de-fendant perform, however, is not that, but another of singularly different character, namely, that he certify that the "sale of alcoholic liquors is not prohibited by either the ordinances or by-laws of said city at the location described" in the application. A certification of this kind could only be made as the result of the formation of a legal opinion requiring a construction of the applicable ordinance and its amendments in the light of per-tinent opinions of the Supreme Court of Errors.

It is evident that the performance of the duty so demanded to be performed entails the exercise of judgment and so is dis-cretionary. *American Casualty Ins.* v. *Fyler,* 60 Conn. 448, 462. It is not the kind of duty imposed on the defendant by the charter and ordinances of the city of Hartford and as alleged in the alternative writ. Neither is the situation one where the performance of the deputed ministerial duty would be accom-panied by the incidental necessity of construing a statute in order to perform the ministerial act required; such occurs when a building inspector or board is applied to for a permit, as in *State ex rel. Quintard Land Co.* v. *Hagan,* 123 Conn. 383, and *State ex rel Rowell* v. *Boyle,* supra; or a board of assessors fails to list property in some one or more instances, as in *State* v. *Erickson,* 104 Conn. 542; or a board of relief fails to add omit-ted property, as in *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607; or a board fails to issue a medical certificate of ap-proval, as in *State ex rel, Markley* v. *Bartlett,* 130 Conn. 88; or a board is empowered to issue certificates of registration author-izing the recipient to practice a healing art, as in *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530.

In all the cases cited there was a primary legal duty to per-form a ministerial act, and the judgment and discretion involved in such performance were only incidental thereto. The only duty imposed on the defendant, as city clerk, in this connection is to certify and attest ordinances, an act purely ministerial and requiring no exercise of discretion on his part to enable him to discharge it. More pertinently, it involved no requirement that

he form or express any opinion concerning the legal effect of such ordinance or ordinances, nor is such an act in any way essential to enable him to perform the duty delegated to him. It follows that he was under no duty, so far as the charter and ordinances of the city of Hartford are concerned, to certify that the sale of alcoholic liquors is not prohibited in the location where the plaintiff proposes to locate a restaurant business, either primarily or incidental to another act which he is required to perform. The duty placed upon him by the charter and ordinances is not the duty sought to be enforced, while that sought to be enforced is not so imposed on him.

The provisions of General Statutes Sup., 1945, § 619h, do not enlarge the defendant's duties so as to include that which the plaintiff would compel him to perform. This provides that the commission "shall have power generally to do whatever is reasonably necessary for the carrying out of the intent of this chapter; and, without intending to limit its authority, it is empowered to call upon other administrative departments of the state government and of municipal governments, upon state and municipal police departments and upon prosecuting officers and state's attorneys for such information and assistance as it may deem necessary to the performance of its duties." It is obvious that if this language were to be taken literally it would describe a delegation of legislative power so unlimited as to be unconstitutional. An intent to pass an unconstitutional law will not be attributed to the legislature if the act admits of a construction compatible with the constitution. *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 645. The section must, hence, be construed in a manner comporting with its constitutionality. Of this it readily admits. It must, accordingly, be viewed as involving no attempt at vesting the commission with authority to direct any of the bodies or officials to do any act of any character that the commission might require of any of them, but only to call upon them as occasion requires to perform for its aid such duties as are imposed upon them by the law defining them. So construed, and as applied to the defendant, it creates no duty additional to or different from that imposed on him by the charter and ordinances of the city of Hartford—which latter duty insofar as it appertains to the instant case was to certify ordinances, only. Incidentally, if the construction of § 619h, supra, claimed by the plaintiff, were to be adopted, the clear legal right to the performance of the duty for which he contends would be in the commission and not in the plaintiff here.

The conclusions stated and the other observations made in that connection fit into the scheme of the legislation defining the authorities, powers, duties and responsibilities vested in the commission by statute. Therein, it is specifically provided: "(a) The liquor control commission shall refuse permits for the sale of alcoholic liquor (1) in no-permit towns and (2) where prohibited by the zoning ordinance of any city or town." General Statutes Sup. 1945, § 633h. The proper performance of this duty necessarily requires that the commission inform itself, in the instance of every application preferred to it, whether the town where it is proposed to conduct the business is "no-permit" and, if it is not, then whether the sale of alcoholic liquor is prohibited under its zoning regulations in the location involved. This duty is plainly nondelegable. Particularly, the commission cannot substitute for its own findings in that regard the legal opinion of a town or city clerk construing the local zoning ordinances.

A requirement on the part of the commission that an applicant furnish it with a duly certified copy of the zoning ordinance with any amendments thereto would be of assistance to it in the performance of its duties and consistent therewith. To insist, however, that the city clerk in the instant case, instead of certifying such ordinances, which he is under the duty of doing when applied to, merely certify his opinion of their legal effect is palpably a very different matter. Even if § 619h could be permissibly construed to vest the commission with authority to require any apropriate town official to issue such a certification as the plaintiff demands in the present instance, mandamus would not lie to coerce such a town officer into compliance. This is because the commission would not be bound by such a certification, so that the act so required to be done would be merely abstract and, if performed, in vain to accomplish any substantial purpose or promote the exercise of any legal right. *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249, 253. If the duty were placed upon the defendant to certify the legal effect of the zoning ordinances in Hartford in respect of the sale of alcoholic liquor in various zone districts, the exercise of his discretion could not be controlled by mandamus. *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, and cases cited; see *State ex rel. McCarty* v. *Thim,* 130 Conn. 710, 718. The conclusion is that there was no clear legal duty imposed on the defendant city clerk, and owing to the plaintiff, to certify to the commission

that at the location in question in the city of Hartford, "the . . . sale of alcoholic liquors is not prohibited by either the ordinances or by-laws of said city," and that if, notwithstanding, it might be found that such a duty rested upon the defendant the plaintiff had no clear legal right to its performance. Seemingly opposed to this are the cases of *State ex rel. Heimov* v. *Thomson*, supra, and *State ex rel. Chatlos* v. *Rowland*, 131 Conn. 261. On analysis, however, it appears that the questions discussed supra were not involved or decided in either.

A peremptory writ is denied; judgment accordingly.