### STATE EX REL. CATHERINE AVILLO ET AL. v. HENRY L. ROWLAND, SECRETARY OF THE ZONING COMMISSION OF THE CITY OF BRIDGEPORT

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 79738

Memorandum filed June 17, 1949.

*Milton J. Herman*, of Bridgeport, and *Theodore I. Koskoff*, of Stratford, for the Plaintiffs.

*John V. Donnelly*, of Bridgeport, for the Defendant

ALCORN, J. An alternative writ of mandamus has issued wherein the basic facts alleged are in substance that the respondent, having first certified that the relator's premises were so situated that a permit for the sale of liquor might issue in conformity to the zoning law, after a lapse of time revoked that certification upon the ground that, because of nonuser for a specified period, the premises could no longer be used for the sale of liquor.

The motion to quash is equivalent to a demurrer and is to be determined upon the facts alleged in the alternative writ. *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 215. To apply a familiar rule for testing a demurrer, if the facts which are provable under the allegations of the writ would support the cause of action relied upon, then the motion must fail. *Middletown Trust Co.* v. *Middletown National Bank,* 110 Conn. 13, 21.

The real issue here is whether the respondent must adhere to his original certification of these premises or whether he could alter his certification because the sale of liquor there as a nonconforming use had been discontinued so that it could not be resumed. The decision of that issue must rest in part upon the proof to be offered concerning the discontinuance of the nonconforming use. *West Hartford* v. *Willetts,* 125 Conn. 266. Such proof would be permissible under the allegations of the alternative writ.

This motion was argued with a demurrer addressed to a reply in another mandamus action involving the same premises and the same situation but brought by the proposed new liquor permittee. No. 79632, *State ex rel. Gallos* v. *Rowland.* The assumption of counsel was that the motion and demurrer raised the same question, namely, that the constitutionality of the applicable provision of the zoning act could not be attacked in mandamus proceedings. The questions thus presented in the two cases are not identical, however, because the motion in the present case is addressed to the complaint as a whole and must fail, as already indicated, if a good cause of action is provable under its allegations, aside from any constitutional question; whereas the demurrer to the reply in the companion case attacks single paragraphs as alleging separate defenses of unconstitutionality.

It should be noted that in neither case is the court asked to decide, and does not decide, the question discussed in *State ex rel. Fense* v. *Gleason,* 15 Conn. Sup. 200.

The demurrer is overruled.