[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE COUNT I
In her revised complaint dated November 21, 1989 the plaintiff Judith Paes alleges that she owns property in East Haven which abuts property owned by the defendant landowners. The plaintiff further alleges that the defendant landowners constructed improvements on their land which were beyond the scope of variances granted to them for the rear and front yard setback requirements.
In Count I, the plaintiff alleges that the municipal defendants: issued a building permit for the subject construction prior to coastal area management approval in violation of Connecticut General Statutes 22a-109 (h); failed to require an accurate survey of the proposed construction prior to granting variances; failed to enforce the zoning regulations and statutory requirements or make a determination of no violation, despite requests by the plaintiff for them to do so; and failed to complete an investigation into the complaints of the plaintiff. The plaintiff seeks an order of mandamus against the municipal defendants compelling them to make a determination of compliance or noncompliance with the regulations applicable to the defendant landowners' lot and building.
The municipal defendants filed a motion to strike (#159) Count 1 dated June 20, 1990.
The municipal defendants move to strike Count I on the CT Page 3109 ground that it fails to state a legally sufficient claim for mandamus in that: the plaintiff has not alleged facts sufficient to find that she has a clear legal right to have the municipality perform the alleged duty; and the plaintiff has failed to allege facts sufficient to find that she has no other adequate remedy at law.
A motion to strike is appropriate to challenge the legal sufficiency of a complaint seeking mandamus. Connecticut Practice Book 545.
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes." Golab v. New Britain,205 Conn. 17, 19 (1987). A writ of mandamus is proper only when:
 (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy. (citations omitted).
Id.
"A statute may be mandatory yet leave to local implementation the manner in which the statutory duty is to be discharged." Beccia v. Waterbury, 185 Conn. 445, 462 (1981).
 While it is a recognized principle that a court will not by mandamus direct an officer or board, vested with discretion, as to the manner in which that discretion shall be exercised, it is equally well settled that, where the board or officer refuses to act at all, mandamus is an appropriate remedy. (citations omitted)
State ex rel. Redgate v. Walcott, 125 Conn. 160, 165 (1939).
Count I contains allegations of the statutes and regulations requiring the various municipal defendants to enforce the town's zoning regulations and the coastal area management guidelines. Construing the facts alleged in the complaint most favorably to the plaintiff, she has sufficiently alleged a mandatory duty on the part of the municipal defendants.
Research reveals no case law establishing that abutting CT Page 3110 landowners have a clear legal right to have zoning regulations and coastal area management requirements enforced. The plaintiff does allege such a right in paragraph 24 of her revised complaint. Nevertheless, it is noted that if the town zoning authorities had taken action to approve the construction on the defendant landowners' property (for example, by granting additional variances or issuing a certificate of zoning compliance), the plaintiff, as an abutting landowner, would have had a statutory right to appeal those decisions pursuant to Connecticut General Statutes 8-7, 8-8. But where the municipal officers fail to act at all, there is no decision from which the plaintiff may appeal. Consequently, the court finds that the plaintiff, as an abutting landowner, has a clear, legal right to compel the municipal defendants to determine whether a zoning violation exists on the subject property.
Mandamus will not issue where there is other adequate remedy at law available to the plaintiff which "will afford satisfaction equivalent to the specific relief claimed." Milford Education Assn. v. Board of Education, 167 Conn. 513,519 (1975) (citations omitted). The plaintiff at paragraph 25 of Count I alleges that she has no other adequate remedy at law. The municipal defendants argue that because the plaintiff brings other counts against them and the defendant landowners, "it i[s] (sic) clear that plaintiff does, in fact, have other adequate remedies."
Nevertheless, there is no other remedy available to the plaintiff which would result in compelling the municipal defendants to make a determination of compliance or noncompliance with the zoning regulations.
Therefore, Count I of the plaintiff's revised complaint dated November 21, 1989, states a legally sufficient claim for mandamus; the municipal defendants' motion to strike is denied.
Thomas V. O'Keefe, Jr., Judge