[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (#104 #106)
 Facts
The plaintiff town of Preston commenced this administrative appeal by service of process on the defendant department of social services (DSS) on February 7, 2001. The town appeals a decision of DSS denying the town's request for a hearing regarding the results of an audit of the town's general assistance program.
In its appeal, the town alleges the following facts. On May 30, 1996, DSS notified the town by letter that an audit of the town's general CT Page 6263 assistance program for the period from July 1, 1989 through June 30, 1992 indicated that the town owed adjustments in the amount of $45,826. The letter indicated that the town could file an appeal within thirty days pursuant to General Statutes § 17-3a (now General Statutes § 11b-78). A regulation promulgated under that statute provides in relevant part: "A town wishing to exercise its hearing right must file a written request with the Commissioner within 30 days after receipt of the final audit report. The request shall include a statement of the specificgrounds upon which the appeal is based." (Emphasis added.) Regs., Conn. State Agencies § 17-3a-36 (H) (now § 17b-78-36 (H)) (General Assistance Policy Manual [1994 Ed.] c. III, § XXVI [H]).
On June 28, 1996, the town's first selectman sent a letter requesting an appeal from the audit. The town received no further communications regarding its request for an appeal. On April 17, 1997, the town received a letter from DSS indicating that due to audit adjustments, the town owed $41,527.75. The town's first selectman sent a letter to DSS indicating that the town had appealed the results of the audit but that a hearing had never been scheduled. On June 6, 2000, the first selectman sent another letter requesting an appeal. On June 21, 2000, William Rufleth, manager of adult services at DSS sent a letter to the town indicating that he had previously sent a letter to the town on July 8, 1996 requesting the specific grounds for the town's appeal. The town never received the July 8, 1996 letter. The town sent DSS another letter requesting a hearing on June 29, 2000. On January 12, 2001, DSS denied the town's request for a hearing.
The town alleges that it is entitled to a hearing pursuant to General Statutes § 17b-78 and § 17-3a-36 (H) (now § 17b-78-36 (H)) of the Regulations of Connecticut State Agencies (General Assistance Policy Manual [1994 Ed.] c. III, § XXVI [H]). The town seeks a judgment overturning DSS's denial of the town's request for a hearing.
On June 7, 2001, DSS filed a motion to dismiss for lack of subject matter jurisdiction. The motion is supported by a memorandum of law. DSS filed an amended motion to dismiss on June 8, 2001. On June 27, 2001, the town filed an objection to the motions to dismiss and a memorandum of law.
 Discussion
The defendants move to dismiss the action on the ground that the court lacks subject matter jurisdiction.
DSS points out that the decision at issue in the present case was not a decision on the merits of the town's appeal from the audit. Instead, the CT Page 6264 town has appealed the determination by DSS that the town was not entitled to a hearing because it failed to comply with the formal requirements of § 17-3a-36 of the regulations. On this basis, DSS argues that its decision was not a final decision in a contested case, and that the present action is therefore not authorized by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq.
"There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The appealability of an agency decision is governed by § 4-183 (a) of the UAPA, which provides [in part] that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.' . . . Accordingly, we have consistently held that the Superior Court has jurisdiction only over appeals from a `final decision' of an administrative agency. . . . Under [General Statutes] § 4-166 (3), the term "[f]inal decision' means (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration." (Citations omitted emphasis in original; internal quotation marks omitted.) Fairfield v.Connecticut Siting Counsel, 238 Conn. 361, 368-69, 679 A.2d 354 (1996).
In the present case, there is nothing to indicate that the denial of the town's application for an appeal was a declaratory ruling under § 4-166 (3)(B) or a decision made after reconsideration under §4-166 (3)(C). The question then is whether the decision by the DSS was "the agency determination in a contested case" under § 4-166 (3) (A). Section 4-166 (2) provides: "`Contested case' means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not included proceedings on a petition for a declaratory ruling under section 4-176 or hearing referred to in section 4-168. . . ." "[T]he test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." (Internal quotation marks omitted.) Fairfield v.Connecticut Siting Counsel, supra, 238 Conn. 369.
The legal right, duty or privilege at issue in the present case is the town's liability for the amounts found to be owing in the audit of the town's general assistance program. A decision on the merits of that issue CT Page 6265 following a hearing or the opportunity for a hearing would have been the final decision from which an appeal would lie pursuant to § 4-183. See, e.g., Nizzardo v. State Traffic Commission, 259 Conn. 131,788 A.2d 1158 (2002). The decision by DSS not to give the town a hearing did not adjudicate that issue. Instead, the plaintiff's allegations indicate that the application was rejected because of the town's failure to indicate the specific grounds upon which the appeal was based. The plaintiff has not cited to, nor is the court aware of, any statutory authority requiring a hearing in regard to the initial review by DSS of the adequacy of a request for a hearing. Under such circumstances, there has not been a final decision in a contested case creating a right to appeal under § 4-183. Miller's Pond Co. v. Rocque, Superior Court, judicial district of New Britain, Docket No. 499339 (April 3, 2001,Owens, J.).
The town completely ignores the language of the UAPA in its memorandum of law, and does not provide any analysis regarding the "final decision" and "contested case" prerequisites for appealing pursuant to § 4-183. Instead, the town argues that this case should not be dismissed because the town has been deprived of a hearing to which it was clearly entitled under the relevant statutes and regulations. The town argues that its right to a hearing is so clear that it would be absurd for the court to find that there is no remedy for the refusal of DSS to provide a hearing. This argument must fail, however, because it is based on the erroneous assumption that if this case is dismissed, the town will have no remedy for DSS's alleged wrong in refusing to hold a hearing. Contrary to that assumption, however, the court takes judicial notice of the fact that the town is seeking the same relief sought here, that is, an order compelling DSS to hold a hearing, in a separate action for a writ of mandamus. See Preston v. Department of Social Services, Superior Court, judicial district of New London at New London, Docket No. 122029.
Our Supreme Court has stated: "The fact that certain conduct of an agency is not subject to the administrative appeal provisions of the UAPA does not mean that such conduct automatically escapes judicial review. Rather, it means only that such conduct escapes judicial review pursuant to an appeal under the UAPA. Other avenues of judicial review, such as an action for a writ of mandamus, may remain. . . . Although review by way of mandamus involves more exacting standards than those employed under the UAPA, there is nothing bizarre or anomalous about the legislative choice to subject the conduct of this agency to those more exacting standards." Stratford v. State Board of Mediation Arbitration,239 Conn. 32, 43, 681 A.2d 281 (1996).
"It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the CT Page 6266 performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law." (Internal quotation marks omitted.) Id., 44. "While it is a recognized principle that a court will not by mandamus direct an officer or board, vested with discretion, as to the manner in which that discretion shall be exercised, it is equally well settled that, where the board or officer refuses to act at all, mandamus is an appropriate remedy." State ex rel. Redgate v. Walcott,125 Conn. 160, 165, 3 A.2d 852 (1939); see also Leo Fedus SonsConstruction Co v. Zoning Board of Appeals, 225 Conn. 432, 446 n. 8,623 A.2d 1007 (1993); Monroe v. Middlebury Conservation Commission,187 Conn. 476, 480-82, 447 A.2d 1 (1982); Palmieriv. Zoning Board of Appeals, 32 Conn. Sup. 625, 627,349 A.2d 731 (App. Sess. 1975); Paes v. East Haven,
Superior Court, judicial district of New Haven, Docket No. 266080 (October 4, 1990, O'Keefe, J.). The town may still pursue its claims by way of the separate pending mandamus action.[1]
 Conclusion
The court lacks jurisdiction over the subject matter because there has been no final decision by DSS entitling the town to bring an administrative appeal pursuant to § 4-183. Consequently, the motions to dismiss are hereby granted.
Robaina, J.